## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>                              Debtor. | Chapter 11<br><br>Case No. 23-10763 (MDC) |
| STREAM TV NETWORKS, INC. and<br>TECHNOVATIVE MEDIA, INC.,<br><br>                   Plaintiffs,<br><br>v.<br><br>SHADRON L. STASTNEY, SLS<br>HOLDINGS VI, LLC, HAWK<br>INVESTMENT HOLDINGS LIMITED,<br>ARTHUR LEONARD ROBERT "BOB"<br>MORTON, SEECUBIC, INC., ALASTAIR<br>CRAWFORD, KRZYSZTOF<br>KABACINSKI, KEVIN GOLLOP, ASAF<br>GOLA, JOHN DOE(S), JANE DOE(S),<br>DELAWARE and OTHER LAW FIRMS<br>representing and acting in concert with John<br>Doe(s) and/or Jane Doe(s), INVESTMENT<br>BANKS employed by John Doe(s) and/or<br>Jane Doe(s), PATRIC THEUNE, and<br>SEECUBIC B.V.,<br>                     Defendants. | Adv. No. 23-00057 (MDC) |

### STREAM TV NETWORKS, INC. AND TECHNOVATIVE MEDIA, INC.'S MOTION REQUESTING BRIEFING SCHEDULE AND RULE 26(f) CONFERENCE

Plaintiffs Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc.

("Technovative," and, collectively with Stream, the "Plaintiffs"), by and through their undersigned

counsel, pursuant to the Complaint (as defined below) and this Court's *Order Granting Hawk*

*Investment Holdings Ltd.'s Joinder to SLS, Shadron Stastney, and Seecubic, Inc.'s Joint Motion*

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015).  The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

*to Extend Time to File Answer Pursuant to Rule 9006(b)(1)* [D.I. 22] (the "Order"), hereby move this Court to issue a briefing schedule and require the Defendants to schedule and hold the Rule 26(f) conference (the "Conference"). In support thereof, the Plaintiffs respectfully state the following:

## BACKGROUND

1.      On August 12, 2023, Plaintiffs filed an adversary complaint (the "Complaint") alleging various causes of action revolving around the continued and unrepentant attempt by Defendants to plunder Plaintiffs and deprive them of the rightful access to their property to which they are entitled.

2.      On September 12, 2023, this Court granted various stipulations to which the Plaintiffs agreed with Hawk, SLS, and Seecubic extending their time to respond to the Complaint to September 20, 2023. See Adversary Docket Numbers 9, 11-12.

3.      Plaintiffs have asked counsel for Defendants for a conference under Fed. R. Civ. P. 26(f ). Defendants have refused to hold the Rule 26(f) conference because they do not wish to have to respond to discovery regarding the assets in question, despite the emergent nature of the present litigation and the pending purchase orders.

4.      When Defendants asked for a further extension of the time to file an answer, Plaintiffs requested that a briefing schedule be agreed upon for any motion in lieu of filing an answer, that service be waived, and that a Rule 26(f) conference be held. While one defendant suggested a briefing schedule, the Rule 26(f) request was denied with the reasoning that it is "not appropriate" to engage in discovery at this time.

5.      On September 18, 2023, SLS, Shadron Stastney, and SeeCubic filed a motion to further extend their time to respond to the Complaint [D.I. 18] (the "Extension Motion").

6.      Substantially contemporaneously, Hawk filed a motion to join the Extension Motion [D.I. 19] (with the Extension Motion, the "Extension Motions").

7.      Before Plaintiffs could file an opposition to the Extension Motions within the time provided by the Federal Rules of Civil Procedure, this Court granted the orders, providing a new deadline to answer the Complaint – October 13, 2023 [D.I. 22].  Despite the Federal Rules of Civil Procedure mandating that Plaintiffs be allowed ten (10) days to respond to the Extension Motions, the Court entered the orders only *two* (2) days after their filing, on September 20, 2023.

8.      No schedule for motions or other responsive pleadings was included with the Extension Motions, despite the proposal via email of a schedule for motions between various parties to the present litigation several days prior to the filing of the Extension Motions.

9.      Plaintiffs do not oppose the extension at this time, but request a reasonable briefing schedule for any motion filed in lieu of an answer, waiver of service, and directing the parties to hold a Rule 26(f) conference by September 26, 2023.

10.     On April 6, 2022, The Delaware Supreme Court, in an *en banc* decision, upheld the principle that honoring a corporate charter is one of the most sacred responsibilities of the board of directors of a corporation, reversing a Chancery Court decision that had mistakenly permitted various defendants to the present action to remain in control of the assets of Debtor.  *See generally*, *Stream TV Networks, Inc. v. SeeCubic, Inc.,* 279 A.3d 323 (Del. 2022).

11.     For months, the defendants named in the caption (the "Defendants") have resisted complying with a Delaware Court of Chancery order granting an emergency motion filed by Plaintiffs.  The Chancery Court ordered SLS Holdings VI, LLC ("SLS") and Hawk Investment Holdings ("Hawk") to return title and possession of all of Stream's assets to Plaintiffs so as to

return Plaintiffs to their position in fall of 2020.[2]   The refusal to comply with the Court of Chancery's order forced Plaintiffs to file the present adversary proceeding before this Court (the "Adversary").

12.    Defendants make the accusation that Plaintiffs' actions, including, but not limited to, the filing of this Adversary, are tantamount to the generation of "litigation chaos," whereby Defendants refuse to accept the fact that Plaintiffs have an unfettered right and an obligation  to file for bankruptcy for Stream and Technovative.  Given the existence of over $10 million dollars in unsecured claims, Plaintiffs have a **fiduciary obligation** to file for bankruptcy to protect the estate and a **fiduciary obligation** to maximize value for creditors and stakeholders.

13.    Under a plain language reading of § 502(d) of the Bankruptcy Code, you cannot pay creditors who are themselves indebted to the estate, unless and until a determination is made that the creditor does not in fact owe the estate any property or funds.  The claims of the Defendants are subject to objection on several grounds and the nature of the objections were required to be filed as an adversary proceeding pursuant to the Federal Rules of Bankruptcy Procedure.[3]   This relief is warranted due to the emergent nature of the Plaintiffs' bankruptcy cases and the ongoing wrongdoing committed by Defendants.

---

[2] *In Re Stream TV Networks Omnibus Agreement Litig*, 283 A.3d 1183, 1195 (Del. Ch. 2022).

[3] For example, bonding equipment located in China, worth approximately $10-$15 million (a specialized machine that has a replacement cost of approximately $12 million with an estimated additional $3 million in modifications necessary for its actual use) is in the custody and control of Defendants, who have failed to return the property to Plaintiffs.  Plaintiffs have an obligation to adjudicate the issue and to set off value of the bonding machine if lost or against money owed to the Defendants.

## **RELIEF REQUESTED**

14.      Plaintiffs respectfully request that this Court  set various deadlines similar to those proposed to Plaintiffs by Defendants and attached hereto as **Exhibit A** in regard to motions filed in lieu of an answer.

15.      Plaintiffs also respectfully request that this Court order the Defendants to confer regarding initial disclosures pursuant to Fed. R. Civ. P. 26(f) by no later than September 27, 2023.

*Remainder of page intentionally left blank*

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit B**, setting a briefing schedule, or a conference thereon, and setting a date for a Rule 26(f) conference on initial disclosures.

Dated: September 21, 2023

Respectfully submitted,

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (PA Bar No. 71510)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
Rafael.Zahralddin@lewisbrisbois.com

-and-

Vincent F. Alexander *pro hac vice*
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Vincent.Alexander@lewisbrisbois.com

-and-

Bennett G. Fisher (*pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza #1400
Houston, TX 77046
Telephone: (346) 241-4095
Facsimile: (713) 759-6830
Bennett.Fisher@lewisbrisbois.com

*Counsel to the Debtors*