# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>STREAM TV NETWORKS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10763 (MDC) |
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,<br><br>Plaintiffs,<br>v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS VI, LLC, HAWK INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SEECUBIC, INC., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S),<br><br>Defendants. | Adv. Case No. 23-00057 (MDC) |

### SEECUBIC, INC.'S OPPOSITION TO DEBTORS' MOTION FOR AN EXPEDITED HEARING ON DEBTORS' MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION

Defendant SeeCubic, Inc. ("SeeCubic"), by and through its undersigned counsel, respectfully submits this Opposition to the *Debtors' Motion for an Expedited hearing on Debtors' Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction* (ECF No. 29) (the "Motion to Expedite" concerning the "TRO Motion"), and in support states as follows:

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The Debtors' service address is 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

**PRELIMINARY STATEMENT**

1. Debtors have not met their burden to show that the TRO Motion should be heard on an expedited basis, and the Motion to Expedite should therefore be denied. In particular, the TRO Motion raises the *same allegations* that Debtors have asserted for more than a year and asserts no substantively new factual information that would support expedited consideration.

**RELEVANT BACKGROUND**

2. Debtors first raised the allegations that they now contend warrant expedited relief almost immediately upon filing these chapter 11 cases in mid-March 2023.[2] In particular, in March and April 2023, Debtors made a series of filings alleging that: (i) SeeCubic unlawfully retained and used—and continues to retain and use—Stream's assets following the Delaware Supreme Court's June 2022 opinion invaliding the Omnibus Agreement[3]; and (ii) SeeCubic's use of these assets is not licensed by certain third parties.[4,5]

3. Also almost immediately, Hawk Investment Holdings Ltd. ("Hawk"), as Collateral Agent for SeeCubic, filed (i) a motion for relief from stay, seeking the Court's permission to complete trial in the 225 Action; and (ii) a motion to dismiss, convert the case to

---

[2] *In re Stream TV Networks, Inc.*, No. 23-10763-MDC (Bankr. E.D. Pa.) (the "Current Chapter 11 Cases").

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Hawk Motions, defined below.

[4] *E.g.*, Declaration of Mathu Rajan, *Current Chapter 11 Cases*, ECF No. 48 (Mar. 28, 2023) ¶¶ 92-94, 103; Emergency Motion for Sanctions for Violation of the Automatic Stay, *id.*, ECF No. 49 (Mar. 28, 2023); Motion for Sanctions for Violation of the Automatic Stay, *id.*, ECF No. 76 (Apr. 5, 2023); Supplement to Motion to Stay, *id.*, ECF No. 90 (Apr. 7, 2023); Supplement to Motion for Sanctions for Violation of the Automatic Stay, *id.*, ECF No. 98 (Apr. 11, 2023).

[5] SeeCubic disputes that it has failed to return assets to Stream as ordered by the Delaware Court of Chancery.

chapter 7, or appoint a chapter 11 trustee.[6] The Court held an evidentiary hearing on the Hawk Motions on June 26, 27, 28, 29, August 15 and 17, and September 22 and 25.[7]

4.      Debtors also raised the issues they now characterize as an emergency when they initiated the instant action nearly two months ago. In particular, on August 12, 2023, Debtors filed this action (the "Adversary Proceeding"). Central to the Complaint (ECF No. 1) are, again, the same allegations that SeeCubic (i) did not return Stream's assets to it and (ii) is not licensed to use certain technology. On these allegations, the Complaint purports to assert causes of action for trade secret misappropriation under both federal and Pennsylvania law.[8]

5.      Seven weeks later, on September 30, 2023, Debtors filed the Motion to Expedite and the TRO Motion in this Court.[9] In the TRO Motion, Debtors once again assert that SeeCubic (i) unlawfully failed to return Stream's assets to it and continues to unlawfully use Stream's assets to market to customers, and (ii) lacks the necessary licensure from third parties to use Stream's assets.[10] Debtors assert that they learned that SeeCubic was so doing on September

---

[6] *See* Emergency Motion for Relief from Stay, *Current Chapter 11 Cases*, ECF No. 16; Emergency Motion Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors' Chapter 11 Cases, *et al.*, *id.*, ECF No. 83 (together, the "Hawk Motions").

[7] *See* Minute Entries, *id.* at ECF Nos. 252, 268-69, 272-73, 277-78, 418-19, 422-23.

[8] ECF No. 1 at Counts XVII and XVIII.

[9] ECF Nos. 27-29. Debtors previously filed a motion to withdraw the reference, seeking to have the District Court hear the Adversary Proceeding. *See* Motion for Withdrawal of Reference, *Stream TV Networks, Inc. v. Stastney*, No. 23-mc-00135 (E.D. Pa. Sept. 1, 2023), ECF No. 1. Although that motion remains pending, on September 28, 2023, Debtors filed a motion for a temporary restraining order, preliminary injunction, and permanent injunction with the District Court. *See* Motion for Temporary Restraining Order, *Stream TV Networks, Inc. v. Stastney*, No. 23-mc-00135 (E.D. Pa. Sept. 28, 2023), ECF No. 13. Debtors filed notwithstanding receiving an email from the District Court suggesting that such a filing would be inappropriate. (Ex. 1.) The following day, the District Court denied Debtors' motion for lack of jurisdiction. Order, *Stream TV Networks, Inc. v. Stastney*, No. 23-mc-00135 (E.D. Pa. Sept. 29, 2023), ECF No. 14. The Debtors then filed here.

[10] *See generally* TRO Motion (ECF No. 28).

3

13, 2023, when Shadron Stastney—SeeCubic's CEO—testified in proceedings in the Netherlands about a number of ongoing customer projects and outreach efforts.[11]

6. Notably, Debtors are also already making these same allegations in additional proceedings—in addition to their months-old allegations in the Current Chapter 11 Cases and the Adversary Proceeding Complaint. In June 2022, Stream filed a complaint, since amended twice, in the District of Delaware against many of the same individuals/entities that it names as Defendants in this action, asserting claims for conversion related to the alleged failure by SeeCubic to return Stream's assets, among other things.[12] On September 19, 2023, Stream joined in a joint submission to that court asserting its position that the case should be stayed pending the Current Chapter 11 Cases.[13]

7. The parties' post-trial briefs on the Hawk Motions are due on October 2, 2023.

## ARGUMENT

8. The Motion to Expedite should be denied for several reasons.

9. *First*, expedited treatment is not warranted because the TRO Motion raises the same issues that Debtors have pursued for more than a year, and Debtors point to no reason warranting the Court's immediate attention right now. *See* ¶¶ 2, 4, 6, *supra*. As summarized above, Debtors have been making virtually the same allegations since June 2022, including repeatedly over the past nearly seven months in the Current Chapter 11 Cases. *Id.* At no point prior to this moment have Debtors seriously pursued emergency relief on these allegations. Only

---

[11] *Id.* at 5-6; *see also* Motion to Expedite (ECF No. 29) at 4.

[12] *See Stream TV Networks, Inc. v. Stastney*, No. 22-cv-00851 (D. Del.) (the "Delaware Federal Action").

[13] *See* Joint Status Report, *Delaware Federal Action*, ECF No. 82.

4

now—when a decision is forthcoming from the Court on the Hawk Motions—are these allegations the basis of an "emergency" request for a temporary restraining order.

10.     Mr. Stastney's September 2023 testimony in the Netherlands adds no new information to the mix. Rather, it merely confirms what Mr. Stastney testified to *months ago* in this Court, i.e. that SeeCubic is engaged in ongoing projects and discussions with customers in conjunction with work being done by SCBV.[14] Debtors cannot rely on Mr. Stastney's testimony from September 2023 as the source of their alleged imminent emergency. Even accepting Debtors' contention that Mr. Stastney's September 13, 2023 testimony in the Netherlands somehow changed the circumstances here—it did not—Mr. Rajan was present at that hearing and Debtors were aware of that testimony the entire time. Debtors, however, waited weeks to file their "emergency" motions.[15] Moreover, at no point after September 13, 2023 and their filing of the present motions did Debtors raise any purported issues with SeeCubic (or any other Defendant) despite ample opportunity to do so:

(a)     On September 19, 2023, Debtors represented to the District of Delaware in the Delaware Federal Action that that case—which raises similar issues—should remain stayed;

---

[14] Specifically, in June 2023, during the hearing on the Hawk Motions, Shadron Stastney—SeeCubic's CEO—testified that SeeCubic, B.V. ("SCBV"), an indirect subsidiary of Stream, was engaged in ongoing work on proof of concept projects with SeeCubic for SeeCubic customers. *See* June 28, 2023 Hr'g Tr. at 76-77. Debtors cross-examined Mr. Stastney at length on June 28 and 29. As part of that cross-examination, Debtors elicited testimony that Stream and SeeCubic are in the same line of business. *Id.* at 176-77. Debtors also questioned Mr. Stastney about their allegations that SeeCubic (i) has not returned Stream's assets and (ii) lacked necessary licenses. *Id.* at 205-06.

[15] Debtors' initial choice of forum in filing the TRO Motion also undercuts their assertion that there is exigency here. Notwithstanding that the District Court lacks jurisdiction over the Adversary Proceeding given that the reference has *not* been withdrawn (Ex. 1), Debtors initially and intentionally filed there anyway, wasting two days in the midst of their purported "emergency."

5

(b) On both September 22 and September 25, Debtors and the Hawk Parties were all physically *in this Court's courtroom*, but Debtors said nothing; and

(c) Likewise, Debtors said nothing when this Court expressly asked the parties on September 25 at the conclusion of the hearings on the Hawk Motions if there was "[a]nything further that anybody thinks I need to hear?"[16]

11. *Second*, as a general matter, there is no urgency to the TRO Motion. Debtors seek relief for the purported misuse of their intellectual and other property and the purported violation of the intellectual property rights of third parties.[17] Numerous cases, however, hold that preliminary relief such as a temporary restraining order or preliminary injunction is unwarranted in such circumstances because monetary damages can later be paid to address the alleged harm. *E.g.*, *Mettler-Toledo, Inc. v. Acker*, 908 F. Supp. 240, 248 (M.D. Pa. 1995) (denying preliminary injunction for trade secret misappropriation under Pennsylvania law because the alleged irreparable harm—shifting of customers from plaintiff to defendant—could be compensated by money damages). Indeed, Rembrandt 3D Holdings Ltd.—one of the third parties that Debtors invoke in their papers—recently *lost* a motion for preliminary injunction against SeeCubic in a separate case pending in federal court in Delaware. *See* Oral Order, *Rembrandt 3D Holdings Ltd. v. Technovative Media, Inc.*, No. 23-cv-00193 (D. Del. Aug. 1, 2023), ECF No. 26. There, Rembrandt asserted that SeeCubic is misappropriating certain of the *same* trade secrets through

---

[16] *See* September 25, 2023 Hr'g Tr. at 200-01.

[17] The TRO Motion is also flawed in that Debtors are seeking to enforce rights that do not belong to them, but instead belongs entirely to third parties. Debtors have admitted that "their" intellectual property at issue belongs to *non-debtor subsidiaries*—not the Debtors. *See* Aug. 17, 2023 Hr'g Tr. at 163:22–164:7; *see also* Patent Portfolio [Debtor-1] (reflecting on the top of each page under "Client" that all intellectual property is owned by the Debtors' subsidiaries rather than the Debtors and their estates). The remainder of the TRO Motion focuses on intellectual property purportedly owned by Rembrandt and Philips—again, not the Debtors.

6

the *same* conduct Debtors allege here; the Court found that Rembrandt could not demonstrate irreparable harm because money damages could compensate it for any purported damages.

## CONCLUSION

12. For all of the foregoing reasons, the Motion to Expedite should be denied; alternatively, the Court should reserve consideration of the Motion to Expedite (and, in turn, the TRO Motion) until after the Court's ruling on the Hawk Motions.

Dated:  October 2, 2023                         **SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

*/s/ Joseph O. Larkin*
Joseph O. Larkin (I.D. No. 206047)
920 N. King Street, One Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001

- and -

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
Rebecca L. Ritchie (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0549
Facsimile: (312) 407-8641

- and -

Eben P. Colby (admitted *pro hac vice*)
Marley Ann Brumme (admitted *pro hac vice*)
500 Boylston Street, 23rd Floor
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile: (617) 573-4822

*Counsel for SeeCubic, Inc.*