**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,<br><br>　　　　Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS VI, LLC, HAWK INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SEECUBIC, INC., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S),<br><br>　　　　Defendants. | Chapter 11<br><br>Bky. No. 23-00057 (MDC)<br><br>**(Jointly Administered)** |

**REMBRANDT 3D HOLDING LTD's RESPONSE TO HAWK INVESTMENT HOLDINGS LTD.'S EMERGENCY MOTION IN LIMINE TO PRECLUDE TESTIMONY AND INTRODUCTION OF EVIDENCEWITNESS AND EXHIBIT LIST**

Rembrandt provided this court copies of its complaint in the Delaware District Court at Docket Entry 63 and a copy of its TRO at Docket Entry 103. The basis for the TRO was SeeCubic's activity in the Netherlands to try to take control of the Debtor's subsidiary, SeeCubic B.V. Rembrandt understood from the assurances made by SeeCubic's counsel during a hearing in this court that SeeCubic would honor the automatic stay and cease making efforts to take control of the SeeCubic B.V. entity. Based on this understanding, Rembrandt took the extraordinary step of informing the Delaware District Court that the basis for its TRO was moot.

(Exhibit A).  However, as the parties to this action have since learned, SeeCubic *did not desist* in its efforts to both take control of SeeCubic B.V. and further actually persisted to have SeeCubic B.V. perform projects for SeeCubic, Inc. using Debtor's, Philips's, and Rembrandt's technologies.  The dispute regarding SeeCubic's violation of the stay and assurances to this Court is currently before the court (See Docket Entries 283 and 286).  While, SeeCubic alleges that it notified parties the Netherlands actions was proceeding, they never sent Rembrandt any information about the Netherlands action continuing after their contrary representations in this court.

Neither SeeCubic, Inc or SeeCubic, B.V. have a license to Debtor's, Philips's, and Rembrandt's technology.  Rembrandt's license is to Stream, Inc. and Stream has a right to have products made for its sales which generate revenue to pay Rembrandt (and others).  SeeCubic, B.V. using Rembrandt's technology for the benefit of SeeCubic, Inc. misappropriates Rembrandt's trade secrets while providing no benefit to Rembrandt.

The court in the Delaware court action did make several rulings.  First, Seecubic's motion to dismiss was denied.  Further, the court denied Rembrandt's motion for a preliminary injunction for two reasons that are completely absent in this situation: In their papers and during argument, Plaintiff noted that Defendants' purchase of a license would be a potential remedy. Ex. B at 6-7. The parties also represented to the Court that an Order has been entered by the Court in the litigation in the Netherlands appointing an independent contractor to run Stream's subsidiary companies.  Stream is not offering SeeCubic a license and the independent director has stepped down.  Shadron Stastney is taking over as director of Stream's subsidiary.

In their opposition, SeeCubic cites to testimony of Shadron Stastney months ago stating that SeeCubic and SCBV were working on projects together, but SeeCubic fails to mention to

this court how Rembrandt reacted to this information. Rembrandt sent emails to the independent director and Jones Day management. The independent director refused to continue acting in that capacity as Jones Day was unwilling to pay the license fee if they misappropriated Rembrandt's trade secrets. Ex. C. In fact, this formed the basis of counter claims filed by SeeCubic against Rembrandt. Ex. D. In its counter claims against Rembrandt filed on August 18, 2023, SeeCubic alleged that its projects with SCBV have been blocked by Rembrandt. As such, there would have been no basis for Stream to seek a TRO because all projects at SCBV were blocked. However, SeeCubic asks this court to believe that there is nothing new worthy of a temporary restraining order. Both positions can not be true. Either SeeCubic's projects have suddenly gone from blocked to flowing again because Shadron Stastney is willing to misappropriate Rembrandt's trade secrets when Jones Day would not such that a TRO is appropriate and timely, or Rembrandt's actions in no way interfered with SeeCubic's long standing projects with SCBV such that their counterclaims in the Delaware action were unwarranted and without basis. Respectfully, SeeCubic should evaluate which of its positions it wants to advance and either inform this court or the Delaware District Court that it is withdrawing its previously stated position.

It is Rembrandt's understanding that SeeCubic, Inc's projects with SCBV were all inactive given the independent director refusal to participate in actively misappropriating Rembrandt's trade secrets and there was no other independent director. What changed in the immediate time frame from months prior, is that SeeCubic, Inc. pursued having Sharon Statstney appointed as director and SeeCubic is admitting in its opposition that "SeeCubic is engaged in ongoing projects and discussions with customers in conjunction with work being done by SCBV." D.I. 31 at 5. The fact that SeeCubic fails to inform this court that its active

misappropriation was previously foiled by the appropriate unwillingness of Jones Day to join in their misappropriation is telling. It is also worth noting that SeeCubic filed papers in the Delaware action stating its projects were blocked, but suggests to this Court that there is no timely basis or recent change in circumstance warranting a TRO.

Shadron Stastney has been given authority over Stream's subsidiary, SCBV. We expect that he will attempt to resume the misappropriation of Rembrandt's, Philips's, and Stream's technology. This will harm Stream, Technovative, SCBV, Rembrandt, and the creditors of both debtors.

SeeCubic and Shadron Stastney are subject to this court's jurisdiction and can be ordered to act or not act accordingly by this court.

Date: October 2, 2023

Respectfully submitted,

*/s/ Andrew DeMarco*
Andrew DeMarco, Esq. (PA Bar No. 326294)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
ademarco@devlinlawfirm.com

*Attorneys for Rembrandt 3D Holding Ltd.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 2, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notice of Electronic Filing generated by CM/ECF on all parties who are authorized to receive electronically Notice of Electronic Filing in this bankruptcy case.

*/s/Andrew DeMarco*
Andrew DeMarco

*Counsel for Rembrandt*