# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>Stream TV Networks, Inc.,[1]<br><br>Debtor. | Chapter 11<br>Bankruptcy No. 23-10763-mdc |
| In re:<br>Technovative Media Inc.,<br><br>Debtor. | Chapter 11<br>Bankruptcy No. 23-10764-mdc<br><br>(Jointly Administered) |
| Stream TV Networks, Inc., et al.<br><br>Plaintiffs,<br><br>v.<br><br>Shadron L. Stastney, et al.<br><br>Defendants. | Adversary No. 23-00057-mdc |

## JOINT OBJECTION OF SLS HOLDINGS VI, LLC, SHADRON STASTNEY, SEECUBIC, INC., AND HAWK INVESTMENT HOLDINGS, LTD. TO PLAINTIFFS' MOTION REQUESTING BRIEFING SCHEDULE AND FOR RULE 26(f) CONFERENCE

Defendants SLS Holdings VI, LLC ("SLS"), Shadron Stastney ("Stastney"), SeeCubic, Inc. ("SeeCubic"), and Hawk Investment Holdings Ltd. ("Hawk" and, together with SeeCubic, SLS and Stastney, the "Movants"), by and through their undersigned counsel, and pursuant to L.B.R. 7005-1 and Federal Rule of Civil Procedure 26(f), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7026, object to (a) Plaintiffs' *Motion Requesting Briefing Schedule and Rule 26(f) Conference* [Dkt. 23] (the "Original Rule 26(f) Motion"), and (b)

---

[1] Plaintiffs or Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

1

Plaintiffs' *Renewed Motion Requesting Briefing Schedule and Rule 26(f) Conference* [Dkt. 26] (the "Renewed Rule 26(f) Motion," and together with the Original Rule 26(f) Motion, the "Rule 26(f) Motions"), on the grounds that (i) Plaintiffs failed to obtain a hearing date before filing the Rule 26(f) Motions, as required by the local bankruptcy rules; (ii) a Rule 26(f) Conference is not proper when no responsive pleadings have been filed and final arguments on dispositive motions in the main proceeding have concluded and such motions are under the Court's consideration; and (iii) the captioned adversary proceeding should be stayed in its entirety for the reasons set forth in the *Motion to Stay Adversary Proceeding Pursuant to 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 5011(c)* (the "Motion to Stay") filed contemporaneously herewith. In support of this motion, Movants state as follows:

## FACTUAL BACKGROUND

1. On August 12, 2023, Plaintiffs filed an adversary complaint (the "Complaint") alleging nineteen causes of action against fifteen defendants, including Movants. [ECF No. 1]

2. On September 18, 2023, Movants filed a Motion to Extend Time to File Answer Pursuant to Rule 9006(b)(1) ("Motion to Extend"). [ECF No. 18]

3. On September 19, 2023, the Court granted the Motion to Extend and granted Movants until October 13, 2023, to answer the Complaint. [ECF No. 20]

4. On September 21, 2023, without first obtaining a hearing date, Plaintiffs filed the Original Rule 26(f) Motion and a notice, together with a Proposed Briefing Schedule and Proposed Order, seeking that the Court instruct the parties to hold a Rule 26(f) Conference, which Plaintiffs requested be held no later than September 29, 2023. [ECF No. 23]. The notice does not provide for a hearing date on the Original Rule 26(f) Motion.

5.      On September 29, 2023, again without first obtaining a hearing date, Plaintiffs filed their Renewed 26(f) Motion. [ECF No. 26]. The Renewed 26(f) Motion and notice thereto, together with a Proposed Briefing Schedule and Proposed Order,[2] are essentially the same as the Original Rule 26(f) Motion, save that Plaintiffs request to hold the Rule 26(f) conference on October 6, 2023. The notice does not provide for a hearing date on the Renewed 26(f) Motion.

6.      As of the date of filing this objection, no hearing date for the Rule 26(f) Motions has been set on the Court's calendar.

## ARGUMENT

7.      The Court should deny Plaintiffs' Rule 26(f) Motions because: (1) Plaintiffs failed to comply with the local bankruptcy rules; (2) discovery is not appropriate when no parties have responded to the Complaint and there are dispositive motions pending in the bankruptcy proceeding; and (3) the Adversary Action should be stayed in its entirety for the reasons set forth in the Motion to Stay.

**I.   Plaintiffs' Rule 26(f) Motions do not comply with the Local Bankruptcy Rules and should be denied.**

    **A.   Local Bankruptcy Rules 7005-1, 9014-3, and 5070-1.**

8.      Plaintiffs' Rule 26(f) Motions require a hearing date, and they failed to comply with this Court's local rules. Before filing "a motion, the movant shall obtain a hearing date as provided in L.B.R. 5070-1(a)." L.B.R. 9014-3(c). Under Local Rule 7005-1(a), Local Rule 9014-3 applies in adversary proceedings. L.B.R. 7005-1(a). Plaintiffs' Rule 26(f) Motions are not the type that the Court can decide without a hearing and require a hearing. *See* L.B.R. 9014-2(a).

---

[2]    Notably, Debtors' Proposed Order for the Combined Rule16(f) Motions does not include any reference to a 26(f) conference. The Proposed Order merely provides for the briefing schedule on the dismissal motions to be filed on October 13, 2023.

3

9.  When filing the Rule 26(f) Motions, Plaintiffs were required to obtain a hearing date on the judge's calendar ***before*** filing the motions, thereby allowing adequate time for the movant or objector to complete any service or notice required by the Federal Rules of Bankruptcy Procedure or Local Rules. L.B.R. 5070-1(a). Plaintiffs failed to do so. Neither the Rule 26(f) Motions nor the accompanying "Notices" comply with L.B.R. 5070-1(a) and 9014-3(e), and the Court should deny Plaintiffs' motions on this basis alone.

B.  **Local Bankruptcy Rules 9014-3(e) and L.B.F. 9014-3**.

10.  Plaintiffs' Notices are deficient under L.B.F. 9014-3(e). When a movant files a motion, "movant shall serve a notice substantially in the form of L.B.F. 9014-3," which provides "the filing of the motion, the relief sought, the hearing date, and the deadline for filing a timely response or objection…." L.B.R. 9014-3(e).

11.  Plaintiffs did not obtain a hearing date for the Rule 26(f) Motion, nor do they provide a deadline for an interested party to file a response or an objection. As such, the defendants are left guessing as to a response deadline and whether there will be a hearing on the Rule 26(f) Motions. Plaintiffs' motions should be denied for this reason, as well.

II.  **The Rule 26(f) Motions Are Not Proper Where No Responsive Pleadings Have Been Filed And Dispositive Motions In The Core Proceeding Are Pending Before The Court**.

12.  Even if the Rule 26(f) Motions were properly noticed and otherwise proper under the local bankruptcy rules, Plaintiffs' attempt to impose discovery is inappropriate at this stage of the proceeding.

13.  Courts have "broad discretion to manage discovery." *Greene v. Horry County,* 650 Fed.Appx. 98, 100-01 (3d Cir. 2016) (internal quotations omitted). Courts routinely use this discretion to postpone Rule 26(f) conferences until such time as the court decides a motion to

4

dismiss. *See, e.g., Levey v. Brownstone Inv. Grp.*, LLC, 590 F. App'x 132, 137 (3d Cir. 2014) (court did not abuse discretion in staying discovery with motion to dismiss pending; "motions to dismiss … should typically 'be resolved before discovery begins'") (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (court did not abuse its discretion in staying discovery pending motion to dismiss); *Alpha Kappa Alpha Sorority Inc. v. Converse Inc.*, 175 Fed. Appx. 672, 682 (5th Cir. 2006) (noting court did not abuse discretion by delaying Rule 16 and Rule 26(f) conferences); *Ramos v. Wal-Mart Stores, Inc.*, 5:16-CV-00304, 2016 WL 11698044, at *1 (E.D. Pa. Mar. 1, 2016) (staying all discovery, including obligation to confer pursuant to Rule 26(f), pending disposition of motion to remand and motion to dismiss); *Nat'l Alliance for Accessibility, Inc. v. Belk, Inc.*, No. 5:12-CV-00386, 2013 WL 1614672, at *1 (E.D.N.C. April 15, 2013) (noting that Court continued Rule 26(f) conference and postponed entry of Rule 16 scheduling order pending ruling on motion to dismiss); *Pedroli ex rel. Microtune, Inc. v. Bartek*, 251 F.R.D. 229, 230-231 (E.D. Tex. 2007) (delaying the Rule 26(f) until decision on motion to dismiss); *Tschirn v. Kurzweg*, No. 03-0369, 2003 WL 21087741, at *2 (E.D. La. May 8, 2003) (staying discovery until ruling on motion to dismiss and providing that Rule 26(f) conference should not occur until stay lifted).

14.     Here, none of the defendants have filed a response to the Complaint yet, and some defendants have yet to be served process.[3] All discovery in this matter, including the parties' obligation to confer pursuant to Federal Rule of Civil Procedure 26(f), should not be scheduled, at the very least, until after responses have been filed by the Defendants and, even then, discovery

---

[3] As applicable, the Movants reserve all rights with respect to any answer, response, motion, or claim they may make in response to the Complaint, including with respect to service of process and personal jurisdiction.  Nothing herein shall be construed as a waiver of any defense or claim the Movants may have with respect to the Complaint, including, but not limited to, any defense to the form, type, and procedure related to service of process.

5

should be stayed further depending on the nature of those responses. To impose a Rule 26(f) conference at this stage of the proceeding would be fruitless; Plaintiffs are attempting to prematurely open the door to discovery when no defendant has filed a response to the Complaint. It would also impose tremendous cost on the defendants to proceed with discovery, a cost which this Court may, and should, avoid in the exercise of its discretion. *See Chudasama*, 123 F.3d at 1367 (district court abused discretion in granting motion to compel discovery when motion to dismiss fraud claim was pending and resolution of motion to dismiss could have narrowed issues and scope of discovery, and explaining extensive burdens of discovery on judicial system and parties).

15. Moreover, the Court is on the eve of its adjudication of the *Motion of Hawk Investment Holdings Ltd. ("Hawk") (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A)(1) to Dismiss the Debtors' Chapter 11 Cases or (2) to Convert such Cases to Cases Under Chapter 7, or (B) in the alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070-1(g)* (collectively, the "Hawk Motions"). *See In re Stream TV Networks, Inc.*, 2:2023-bk-10763 [ECF No. 83].

16. After several months of delays, the Court has heard and completed the evidentiary hearings on the Hawk Motions and the parties have filed their respective post-trial briefs. *Id.* [ECF Nos. 431, 432]. Plaintiffs' tactics of filing motions amidst post-trial briefing and on the eve of the Court's resolution of the Hawk Motions are disruptive and true to Plaintiffs' "litigation chaos" strategy. In any event, the Court may establish a schedule for discovery after deciding on the Hawk Motions, if necessary, and when the Court finds it practicable and appropriate to do so.

6

**III.    The Entire Adversary Proceeding—Including Discovery—Should Be Stayed.**

17.    For the reasons set forth more fully in the Motion to Stay, the Adversary Proceeding should be stayed in its entirety, including with respect to any discovery.

## CONCLUSION

18.    There is no basis for a Rule 26(f) conference at this point of the litigation, and allowing that, or any discovery, to proceed would consume the Court's resources and the resources of the parties.  The Rule 26(f) Motions should be denied.

**WHEREFORE**, Defendants SLS Holdings VI, LLC, Shadron Stastney, SeeCubic, Inc., and Hawk Investment Holdings Ltd., respectfully requests that this Court enter an order (1) denying Plaintiffs' Rule 26(f) Motions, (2) staying any Rule 26(f) Conference pending resolution of the Hawk Motions and, if applicable, pending resolution of the Movants' responses to the Complaint, and (3) granting such other and further relief as the Court deems just and proper.

*[Remainder of Page Intentionally Left Blank]*

| | |
|---|---|
| Date: October 5, 2023 | Respectfully Submitted, |
| | **SKADDEN, ARPS, SLATE, MEAGHER** |
| **ROBINSON & COLE LLP** | **& FLOM LLP** |
| /s/ *Davis Lee Wright* | /s/ *Joseph O. Larkin* |
| Davis Lee Wright (No. 90926) | Joseph O. Larkin (I.D. No. 206047) |
| Katherine M. Fix (No. 314471) | 920 N. King Street, One Rodney Square |
| Ryan M. Messina (No. 329835) | Wilmington, Delaware 19801 |
| 1650 Market Street | Telephone: (302) 651-3000 |
| Suite 3030 | Facsimile: (302) 651-3001 |
| Philadelphia, Pennsylvania 19103 | |
| Tel: (215) 398-0600 | - and - |
| Fax: (215) 827-5982 | |
| Email: dwright@rc.com | James J. Mazza, Jr. (*pro hac vice*) |
| kfix@rc.com | Justin M. Winerman (*pro hac vice*) |
| rmessina@rc.com | Rebecca L. Ritchie (*pro hac vice*) |
| | 155 North Wacker Drive |
| - and - | Chicago, Illinois 60606-1720 |
| | Telephone: (312) 407-0549 |
| **QUARLES & BRADY LLP** | Facsimile: (312) 407-8641 |
| Brittany S. Ogden (*pro hac vice*) | |
| 33 East Main Street, Suite 900 | - and - |
| Madison, Wisconsin 53703 | |
| Tel: (608) 283-2457 | Eben P. Colby (*pro hac vice*) |
| Email: brittany.ogden@quarles.com | Marley Ann Brumme (*pro hac vice*) |
| | 500 Boylston Street, 23rd Floor |
| *Counsel for Defendant SLS Holdings VI, LLC* | Boston, Massachusetts 02116 |
| | Telephone: (617) 573-4800 |
| **BALLARD SPAHR, LLP** | Facsimile: (617) 573-4822 |
| /s/ *Terence M. Grugan* | |
| Terence M. Grugan (No. 307211) | *Counsel for Defendant SeeCubic, Inc.* |
| Emilia L. McKee Vassallo (No. 318428) | |
| 1735 Market Street, 51st Floor | |
| Philadelphia, PA 19103-7599 | |
| Tel: (215) 665-8500 | |
| Fax: (215) 864-8999 | |
| Email: GruganT@ballardspahr.com | |
| McKeeVassalloE@ballardspahr.com | |
| | |
| *Counsel for Defendant Shadron Stastney* | |

8

QB\156338.00003\84993265.3

**K&L GATES LLP**
*/s/ Steven L. Caponi*
Steven L. Caponi
Megan E. O'Connor
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
megan.oconnor@klgates.com

- and -

Margaret R. Westbrook (admitted pro hac vice)
Aaron S. Rothman (admitted pro hac vice)
Jonathan N. Edel (admitted pro hac vice)
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: 704-331-7400
Margaret.westbrook@klgates.com
Aaron.Rothman@klgates.com
Jon.edel@klgates.com

- and -

Thomas A. Warns (admitted pro hac vice)
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-4009
Tom.warns@klgates.com

*Attorneys for Hawk Investment Holdings Limited*