**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br>Stream TV Networks, Inc.,[1]<br><br>　　　Debtor. | Chapter 11<br>Bankruptcy No. 23-10763-mdc |
| In re:<br>Technovative Media Inc.,<br><br>　　　Debtor. | Chapter 11<br>Bankruptcy No. 23-10764-mdc<br><br>(Jointly Administered) |
| Stream TV Networks, Inc., et al.<br><br>　　　Plaintiffs,<br><br>v.<br><br>Shadron L. Stastney, et al.<br><br>　　　Defendants. | Adversary No. 23-00057-mdc |

**SLS HOLDINGS VI, LLC'S RESPONSE TO DEBTORS'**
**MOTION FOR A TEMPORARY RESTRAINING ORDER,**
**PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION**

　　　SLS Holdings VI, LLC ("SLS"), by and through its undersigned counsel, respectfully submits this response to the Motion of Debtors Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative," together with Stream, "Plaintiffs") *for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction* [Dkt. 28] (the "TRO Motion").[2] In support of its response, SLS states as follows:

---

[1] Plaintiffs or Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

[2] Plaintiffs re-filed their TRO Motion on October 1, 2023 with a corrective entry noting the parties that actually filed the TRO Motion.

1

**PRELIMINARY STATEMENT**

1. Plaintiffs fail to demonstrate any basis for injunctive relief as to SLS because Plaintiffs fail to state any allegations against SLS to support such relief. SLS is not alleged to be involved in any of the conduct which purportedly warrants injunctive relief. Therefore, the TRO Motion should be denied as against SLS.

**RELEVANT BACKGROUND**

2. Plaintiffs filed their adversary complaint (the "Complaint") on August 12, 2023. [ECF No. 1]

3. Plaintiffs filed the TRO Motion and a related *Motion to Expedite Hearing* ("Expedited Hearing Motion") on September 30, 2023. [ECF Nos. 28, 29].

4. On October 3, 2023, this Court granted the Expedited Hearing Motion (the "Order") [ECF No. 33] and scheduled a hearing on the TRO Motion for October 6, 2023 (the "TRO Hearing").

5. The Order further instructs Plaintiffs to serve the Order and TRO Motion "no later than October 3, 2023 at 1:00p.m. (ET) on all interested parties, by telephonic and/or electronic means, and the [Plaintiffs] shall file a certificate reflecting that service was made."

6. On October 3, 2023, Plaintiffs' counsel conferred with several defendants' counsel regarding the TRO Hearing. Plaintiffs' counsel, however, did not include SLS' counsel of record in the communications. *See* **Exhibit A** hereto.

7. On October 4, 2023, SLS filed a letter with the Court, as directed by Order, stating that SLS would prefer a telephonic TRO Hearing because "SLS takes the position that Debtors have failed to plead any factual allegations of wrongdoing or conduct *by SLS* . . . ." *See* ECF No.

36 (emphasis in original). The Letter also advised that SLS would file a responsive brief—this brief—to the TRO Motion per the deadline set in the Order.

## ARGUMENT

8.  The "grant of injunctive relief is an extraordinary remedy . . . which should be granted only in limited circumstances." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (internal citation omitted). "To obtain this ad interim relief, a movant must demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Id.* (emphasis in original) (internal quotations omitted). "If these gateway factors are met, a court then considers the remaining two factors"—"harm to the opposing party and weighing the public interest"—"and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 178-79 (3d Cir. 2017) (internal quotations omitted).

9.  The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that for the former, a party must actually succeed on the merits. *See Amoco Production Co., v. Village of Gambell, AK*, 480 U.S. 531, 546, n. 12 (1987). If a party does prevail on the merits, it must still "make a sufficient showing that (1) it will suffer irreparable injury, (2) no remedy available at law could adequately remedy that injury, (3) the balance of hardships tips in its favor, and (4) an injunction would not disserve the public interest." *TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

10. Plaintiffs' TRO Motion must fail as to SLS. The TRO Motion is premised on the argument that SeeCubic should be enjoined from using and sublicensing certain alleged technology of Stream. *See, e.g.,* TRO Motion, p. 2 ("SCI's use of Stream's technology license and

its intent to issue sublicenses to its customers presents a serious and immediate threat of irreparable harm to Stream."). Among the purported support identified in the TRO Motion, is the assertion that the Amsterdam Court issued a ruling on September 20, 2023, wherein that court appointed defendant Shadron Stastney as a director over certain Dutch entities. *Id.* at Ex. G.

11.     Plaintiffs' TRO Motion simply fails to demonstrate any basis for injunctive relief against SLS. The TRO Motion neither alleges any wrongdoing committed by SLS nor alleges any resultant injury or imminent irreparable harm from such alleged conduct—notwithstanding the failure to allege *any conduct* attributable to SLS—which might warrant injunctive relief against SLS. Indeed, none of Plaintiffs' prayers for relief are specifically directed at SLS. It appears that Plaintiffs are seeking a TRO by relying on a generic catch-all against "the other Defendants" in the prayer for relief and implying that SLS should be likewise enjoined from engaging in some hypothetical action that is of some undefined and indeterminate hypothetical harm to the Plaintiffs. *Id.* at pp. 16-7.[3]

12.     But hypotheticals do not justify injunctive relief. *See Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) ("To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.") (citing *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180–181 (2000)); *Martinez v. Rivello*, No. 3:21-CV-01908, 2022 WL 3088092, at *5 (M.D. Pa. Aug. 3, 2022), *aff'd*, No. 22-2518, 2023 WL 3376545 (3d Cir. May 11, 2023) ("To satisfy the

---

[3] Further, Plaintiffs' counsel did not include SLS' counsel in the October 3rd communications regarding the TRO Motion, further evidencing that Plaintiffs do not consider SLS an "interested party" with respect to the TRO Motion. *See* Ex. A hereto.

exacting standard of a preliminary injunction, the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'") (quoting *Golden v. Zwickler*, 394 U.S. 103, 109-110 (1969))

13. In short, SLS does not appear to actually be a subject of the TRO Motion and, to the extent it is, that appears to only be the result of a "shotgun" approach also employed by Plaintiffs in their Complaint. Plaintiffs have failed to demonstrate both a likelihood of success on the merits and a probability of irreparable harm (the first two factors) as to SLS. As a result of such failure, the Court need not even consider the remaining two factors (harm to the opposing party and weighing the public interest).

14. Injunctive relief is an extraordinary remedy, and it should not be granted where, as here, Plaintiffs cannot identify any particularized injury traceable to SLS that is not hypothetical or conjectural.

## **CONCLUSION**

15. For the foregoing reasons, Plaintiffs' TRO Motion should be denied as to SLS.

*[Remainder of Page Intentionally Left Blank]*

Date: October 5, 2023

**ROBINSON & COLE LLP**

/s/ *Davis Lee Wright*
Davis Lee Wright (No. 90926)
Katherine M. Fix (No. 314471)
Ryan M. Messina (No. 329835)
1650 Market Street
Suite 3030
Philadelphia, Pennsylvania 19103
Tel: (215) 398-0600
Fax: (215) 827-5982
Email: dwright@rc.com
kfix@rc.com
rmessina@rc.com

- and -

**QUARLES & BRADY LLP**
Brittany S. Ogden (*pro hac vice*)
33 East Main Street, Suite 900
Madison, Wisconsin 53703
Tel: (608) 283-2457
Email: brittany.ogden@quarles.com

*Counsel for Defendant SLS Holdings VI, LLC*