**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.<br>and Technovative Media, Inc.,<br><br>         Debtors.[1] | Chapter 11<br><br>Bankr. Case No. 23-10763 (MDC) |
| Stream TV Networks, Inc., *et al.*<br><br>         Plaintiffs<br>   v.<br><br>Shadron L. Stastney, *et al*.<br><br>         Defendants. | Adv. Case No. 23-00057 (MDC) |

**SHADRON STASTNEY'S MEMORANDUM OF LAW IN OPPOSITION
TO DEBTORS' MOTION FOR A TEMPORARY RESTRAINING ORDER,
PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION AND JOINDER
WITH THE MEMORANDUM OF LAW OF SEECUBIC, INC.**

Shardon Stastney, by and through his undersigned counsel, respectfully submits this response to the Motion of Debtors Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative," together with Stream, "Plaintiffs") for a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction [Dkt. No. 28] (the "Motion"). In support of this Response, Mr. Stastney states as follows:

**DISCUSSION**

1.    In the Motion, the Plaintiffs proffer an amalgam of rehashed and previously litigated allegations; misstated and misrepresented facts and testimony from other tribunals;

---

[1]     The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

generalized statements of law; and grievances against their secured creditors, investors, the professionals who support them and unnamed other allegedly bad actors. However, as with their claims and arguments in the multiple other forums where this same dispute has played out over and over again, Plaintiffs do not approach stating a claims for any relief whatsoever, let alone the extraordinary relief they seek through the Motion.

2. While the Motion specifically, and this adversarial proceeding generally, covers largely the same ground as the litigations pending in the Delaware Court of Chancery, the United States District Court for the District of Delaware and the United States District Court for the Eastern District of Pennsylvania (through Mathu Rajan's pending pro se litigation as well as through this recently filed adversary proceeding), the Motion appears to be principally based on issues Plaintiffs claim exist surrounding certain product licenses and related intellectual property.

3. Consistent with their pleadings and filings in this and all of the other courts where they've litigated their arguments to date, Plaintiffs take a shotgun approach here, broadly claiming "defendants" are "conspiring" against them, controlling their property, misappropriating their intellectual property and causing them harm. They seek an order enjoining: "Defendants and all persons acting on their behalf from using Stream-owned glasses-free 3D assets and technology license rights to benefit Stream's competitors, pending entry by the Court of a final judgment in this action"; "Defendants from causing the breach of Stream's glasses-free 3D technology licensing agreements by wrongfully sub-licensing such technology"; and "Defendants from exercising control over any subsidiary of Debtors and confirming Stream's right to exercise control of all of its subsidiaries by appointing directors at Stream's sole discretion." (Mot. at p. 2).

4. Critically, however, Plaintiffs seek this relief in the absence of any specific and particularized showing of any right to it. Plaintiffs do not specify which Defendants will be

enjoined from doing what. Nor do Plaintiffs connect the relief they seek to any specific cause of action that would allow such relief. Instead, Plaintiff generically state "[b]ased on these facts, the likelihood of Debtors' success on the merits of their underlying causes of action is clear." (Mot. at p. 10). On which of the nineteen purported causes of action set forth in the Adversary Complaint? Plaintiffs do not specify, let alone proffer analysis of the legal and factual showings required to sustain any or all of those claims, let alone set forth why the facts set forth in the Motion satisfy those burdens.

5. Left to guess as to what Plaintiffs are seeking through the motion, against whom and why, it appears the Motion is largely directed to SeeCubic, Inc. and not to Mr. Stastney in his personal capacity. Distilled to its essence, the Motion seeks to enjoin SeeCubic from using and sublicensing certain technology. Accordingly, Mr. Stastney joins and references as if fully set forth at length herein, the factual and legal arguments set forth in SeeCubic's Memorandum of Law in Opposition to Debtors' Motion for a Temporary Restraining Order, Preliminary Injunction and Permanent Injunctions (the "SeeCubic Opposition").

6. To the extent the Motion seeks relief disturbing the recent court ruling in the Netherlands appointing Mr. Stastney to serve as director of SeeCubic B.V. and its Dutch subsidiaries, the Court has already repeatedly acknowledged it lacks jurisdiction over that dispute and Plaintiffs may not exploit this Court to relitigate issues decided in those proceedings.

7. In short, Plaintiffs have not asserted any valid basis for extraordinary relief against any Defendants and, specifically, not as to Mr. Stastney individually. The Motion, as the Adversary Proceeding itself, is little more than Plaintiffs' continued abusive and wasteful litigation tactics.

**CONCLUSION**

8. For the forgoing reasons, as well as for the reasons set forth in SeeCubic, Inc.'s Opposition to the Motion, Plaintiffs' Motion should be denied.

Dated: October 5, 2023

*/s/ Margaret A. Vesper*
Tobey M. Daluz (PA Bar No. 60685)
Terence M. Grugan (PA Bar No. 307211)
Emilia McKee Vassallo (PA Bar No. 318428)
Margaret A. Vesper, Esquire (PA Bar No. 329793)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Facsimile: (215) 864-8999
E-mail: daluzt@ballardspahr.com
grugant@ballardspahr.com
mckeevassalloe@ballardspahr.com
vesperm@ballardspahr.com

*Counsel to Shadron L. Stastney*