# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>      Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>      Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,<br><br>      Debtors,<br>v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS VI, LLC, HAWK INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SEECUBIC, INC., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S), JANE DOE(S), DELAWARE and OTHER LAW FIRMS representing and acting in concert with John Doe(s) and/or Jane Doe(s), INVESTMENT BANKS employed by John Doe(s) and/or Jane Doe(s), PATRIC THEUNE, and SEECUBIC B.V.,<br><br>      Defendants. | Adv. No. 23-00057 |

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

**DEBTORS'S REQUEST FOR PRODUCTION OF DOCUMENTS IN CONNECTION WITH DEBTORS' MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PREMANENT INJUNCTION**

Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative"), the above-captioned debtors, debtors-in-possession, and Plaintiffs (collectively, "Debtors"), pursuant to Federal Rule of Bankruptcy Procedure 7034 and Federal Rule of Civil Procedure 34 requests Defendants produce and permit inspection and copying of the following documents listed in this request. In accordance with *Debtors' Proposed Order Granting Debtors' Motion to Reduce the Period to Respond to Produce the Requested Documents*, Defendants shall furnish to Debtors the requested documents by Thursday, October 12, 2023, by 12:00pm (noon).

## I. DEFINITIONS

A.  "Any" or "all" shall be construed either disjunctively or conjunctively to bring within the scope of the document requests all productions that might otherwise be construed as outside their scope.

B.  "Any" or "each" shall each be construed as both "each" and "every" to bring within the scope of the document requests all responses which might otherwise be construed to be outside their scope.

C.  "Communication" refers to each and every incident in which information is transmitted, including without limitation, whether by correspondence, note, or memoranda, in any medium.

D.  "Customer" means any natural or non-natural person with whom any of the Defendants currently or intend to do any amount of any kind of business.

E.  "Document" shall be construed to have the broadest meaning possible. It includes, but is not limited to any written, printed, typewritten or recorded matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation

2

made on such copies or otherwise (including, but not limited to, emails and attachments, other electronic communications, word processing documents, data bases, contact manager information, internet usage files, offline storage or information stored on removable media, information contained on laptops or other portable devices, network access information, correspondence, memoranda, notes, diaries, calendars, schedules, summaries, analyses, commentaries, statistics, reports, studies, spreadsheets, diagrams, charts, graphs, indices, surveys, questionnaires, sheets, bills, money orders, checks, receipts, statements, letters, telegrams, teletypes, faxes, minutes, contracts, agreements, leases, sub-leases, tags, labels, invoices, brochures, pamphlets, books, press releases, newspapers, magazines, periodicals, publications, journals, ledgers, books of account, income tax returns, computations, projections, estimates, inter-office and intra-office communications, offers, acceptances, notations of any kind, working papers, applications, permits, file wrappers, telephone and cell-phone call records, records of meetings, recorded virtual meetings, minutes, agendas, printouts, power-point presentations, invoices, worksheets, transmittal slips, cover sheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including, without limitation, photographs, charts, microfiche, microfilm, videotape, tapes, cassettes, discs, recordings, motion pictures, plans and drawings), and electronic, mechanical, magnetic, optical, or electric records or representations of any kind (including, without limitation, laser discs, compact discs, computer discs of any type and CD-ROMs), WeChat App texts, WhatsApp texts, or any other kind of messaging service communications. The term "document" also includes all electronically-stored information, including, but not limited to, e-mails and attachments, voice mail, instant messaging and other electronic communications, word processing documents, text files, hard drives, spreadsheets, graphics, audio and video files, databases, calendars, telephone logs, transaction

logs, Internet usage files, offline storage or information stored on removable media, information contained on home computers, laptops or other portable devices, network access information, backup materials, and native files and the corresponding metadata which is ordinarily maintained. For the avoidance of doubt, all electronic documents must be reproduced in their native format. In the event that reproducing them in their native format is not possible, explain why the document or documents cannot be reproduced in their native format.

      E.     "Person" means any individual, corporation, partnership, firm, association, government agency or other organization recognizable at law, and its agents and employees.

      F.     "Relate" and "refer" are construed in the broadest possible way. They mean reflecting, concerning, embodying, evidencing, mentioning, or having any connection with or bearing upon, directly, or indirectly the matter set forth in the request.

      G.     For the avoidance of doubt and unless otherwise noted expressly in these definitions or in the context of the following requests for production, all words and terms set forth herein are to be understood in their broadest and most general meanings, and productions are to be prepared accordingly.

## II. INSTRUCTIONS

      A.     As to each instance of the following requests for the production of documents, Defendants are to, without any alteration or fabrication whatsoever, compile and furnish to Debtors for inspection and copying in their native format all the documents within the broadest possible scope of the enumerated request, including any documents where reasonable minds may differ as to whether the documents fall within the broad scope of the enumerated request.

      B.     Should any objection be made to any request for production in whole or in part, state separately and in writing for each such request the precise legal and factual basis for the

objection. If an assertion is made that there is an incapacity or inability to responding to any request herein, state separately and in writing for each such request the precise steps that were taken to obtain the documents requested and the results obtained by taking such steps. If an objection is made as to part of any request, the objection must be stated with reasonable particularity while producing any other documents as part of the request to which the objection does not apply or to which no objection is raised.

      C.      In the event that any documents are withheld or otherwise not produced in response to the following enumerated requests for production, whether in whole or in part, under a claim of privilege (including without limitation the attorney-client privilege, work product protection, or as materials prepared in anticipation of litigation, or other claimed privilege prohibiting the production or disclosure of such requested documents), identify in writing in response to this request: (i) the nature of the privilege or protection that is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule that is being invoked; and (ii) the nature of the document withheld.

### III.  DOCUMENTS REQUESTED

      1.      All Documents and Communications that include and/or relate to any of Defendants' private placement memoranda, investment memoranda, subscription agreements and/or any other debt and/or equity offerings to any Person, including current and potential investors.

      2.      All Documents and Communications that include and/or relate to lists of or information about any of the non-natural person Defendants' current or potential shareholders/equity holders.

3. All Documents and Communications that include and/or relate to lists of or information about any of the Defendants' current and potential customers related to or describing any business terms, technology licensing, and technology sublicensing from June 16, 2022, to the present.

4. All Documents that include and/or relate to Defendants' and SeeCubic B.V.'s customer sample development, order fulfillments, contract negotiations, or any other aspect of customer relations from June 16, 2022 to the present.

5. All Documents and Communications between Defendants' and their current and potential investors that include and/or relate to and/or describe Defendants' business model, investment terms, and risk disclosures from June 16, 2022, to the present.

6. All Documents and Communications that include and/or relate to pitch decks sent to any Person, including current and potential investors.

7. All Documents and Communications that includes and/or relates to marketing materials sent to any Person, including current and potential investors.

8. All Documents and Communications that includes and/or relates to advertising materials sent to any Person, including current and potential investors.

9. All Documents and Communications that evidence or reflect Defendants' use of Stream assets and/or technology.

10. All Documents and Communications that evidence or reflect Defendants' use of technology under the Philips and/or Rembrandt 3D license(s).

Dated: October 9, 2023                Respectfully submitted,

                                                       /s/ Rafael X. Zahralddin-Aravena
                                                       Rafael X. Zahralddin-Aravena (PA Bar No. 71510)

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
Rafael.Zahralddin@lewisbrisbois.com

-and-

Vincent F. Alexander *pro hac vice*
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Vincent.Alexander@lewisbrisbois.com

-and-

Bennett G. Fisher (*pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza #1400
Houston, TX 77046
Telephone: (346) 241-4095
Facsimile: (713) 759-6830
Bennett.Fisher@lewisbrisbois.com

-and-

Keith Kodosky
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
600 Peachtree Street, NE, Suite 4700
Atlanta, GA 30308
Telephone: (404) 991-2183
Facsimile: (404) 467-8845
Keith.Kodosky@lewisbrisbois.com

*(pro hac to be filed)*

*Counsel to the Debtors*

7