# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>     Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>     Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,<br><br>     Plaintiffs,<br>v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS VI, LLC, HAWK INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SEECUBIC, INC., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S), JANE DOE(S), DELAWARE and OTHER LAW FIRMS representing and acting in concert with John Doe(s) and/or Jane Doe(s), INVESTMENT BANKS employed by John Doe(s) and/or Jane Doe(s), PATRIC THEUNE, and SEECUBIC B.V.,<br><br>     Defendants. | Adv. No. 23-00057 |

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

130073213.1

## [PROPOSED] ORDER GRANTING DEBTORS' MOTION FOR A TEMPORARY RESTRAINING ORDER

Having considered pursuant to Fed. R. Bankr. P. 7065, Fed. R. Civ. P. 65(b), the Original Complaint, as well as all evidence presented, the arguments of counsel, and all of the record as a whole, this Court hereby finds as follows:

### FINDINGS

1. The Court has jurisdiction over the subject matter of this case, there is good cause to believe it will have jurisdiction over all parties hereto, and that venue is proper.

2. Debtors have presented evidence that the Defendants, in violation of their fiduciary, contractual, and other legal obligations to Debtors, have used or threatened to use Stream-owned glasses-free 3D assets and technology license rights to benefit Stream's competitors.

3. Absent injunctive relief, the conduct of Defendants threatens to irreparably harm Debtors' assets, reputation and goodwill with their customers, partners, and employees, as well as their trade secrets.

4. If Defendants are not enjoined from using Stream's bankruptcy assets and from offering the licensed technology and source code to others in violation of the terms of Stream's licenses, Debtors will suffer irreparable harm; the threatened harm to Debtors outweighs any harm that the temporary restraining order may do to the Defendants; there is a substantial likelihood that Debtors will prevail on the merits of their claims at trial; and granting the temporary restraining order will serve the public interest.

Accordingly, Debtors' Motion for a Temporary Restraining Order is granted and the following is entered as an Order of this Court:

A. Defendants are IMMEDIATELY ENJOINED and RESTRAINED from using, licensing, transferring, selling, assigning, dissipating, concealing, encumbering, impairing, or otherwise disposing of Stream's Bankruptcy Assets.

B. SCI, the other Defendants, and their employees, agents, or assignees are IMMEDIATELY ENJOINED and RESTRAINED from continuing to use Ultra-D demonstration samples to secure investment or customer contracts for either themselves, their subsidiaries, or any direct or indirect subsidiary of Stream;

C. SCI, the other Defendants, and their employees, agents, or assignees are IMMEDIATELY ENJOINED and RESTRAINED from continuing to use Stream's Bankruptcy Assets for their own benefit and to the exclusion of Stream;

D. SCI, the other Defendants, and their employees, agents, or assignees are IMMEDIATELY ENJOINED and RESTRAINED from directing or otherwise contacting employees of Stream, Stream's Netherlands subsidiaries, including but not limited to Stream's Netherlands R&D subsidiary SCBV, or interfere, in any manner, with Stream's operation of its business and that of its subsidiaries;

E. SCI, the other Defendants, and their employees, agents, or assignees are IMMEDIATELY ENJOINED and RESTRAINED from continuing to exercise control over various Stream-owned websites, including www.seecubic.com which was registered and is owned by Debtors;

F. SCI, the other Defendants, and their employees, agents, or assignees are IMMEDIATELY ENJOINED and RESTRAINED from publishing statements that Stream Bankruptcy Assets do not belong to Stream or which damage or otherwise

        interfere with Stream's business, including statements published on websites under SCI control;

G.    SCI, the other Defendants, and their employees, agents, or assignees are IMMEDIATELY ENJOINED and RESTRAINED from intimidating or otherwise tortiously interfering with Stream's business relationships;

H.    SCI, the other Defendants, and their employees, agents or assignees are IMMEDIATELY ENJOINED and RESTRAINED from exercising any possession, dominion, or control over any of the Stream Bankruptcy Assets;

I.    SCI is IMMEDIATELY ENJOINED and RESTRAINED from seeking to raise funds based on its control of Stream's technology;

J.    SCI is IMMEDIATELY ENJOINED and RESTRAINED from sending funds raised through false pretext to Stream's Netherlands subsidiaries thereby involving Stream's subsidiaries in SCI's ill-gotten gains;

K.    SCI, the other Defendants, and their employees, agents or assignees are IMMEDIATELY ENJOINED and RESTRAINED from interfering with Stream's exclusive right to appoint directors of all its subsidiaries;

L.    A Philadelphia judge or other party proposed by Stream shall be approved by this Court and appointed as independent director of Stream's Netherlands subsidiaries to ensure compliance by SCI, the other Defendants, and their employees, agents or assignees with this Order. All costs for such independent director shall be borne equally by Stream and SCI;

M.     SCI, the other Defendants, and their employees, agents or assignees are IMMEDIATELY ENJOINED and RESTRAINED from claiming ownership or control of Stream's technology and derivatives thereof;

N.     SCI shall compile a detailed list of all customer presentations made by SCI, the other Defendants, and their employees, agents or assignees using Stream's technology or any derivative thereof, from May 6, 2020 to the present. Such list shall include customer names, contact information, and the current status of any resulting projects and negotiations. SCI shall deliver such list to Stream within ten (10) days;

O.     SCBV is IMMEDIATELY ENJOINED and RESTRAINED from entering into any contractual agreements with customers, strategic partners, or any other entity without the express written approval of Stream; and

P.     SCI shall IMMEDIATELY DELIVER to Stream an email contact list of all its shareholders and customers for the purpose of Stream issuing a letter informing all parties that (i) Royal Philips of the Netherlands has sold a significant portion of its 3D patents underlying the Stream technology, (ii) additional sublicenses are no longer an option, and (iii) Stream's business model of selling 3D chips and lenses is the only viable business option for monetizing the Stream technology.

**IT IS HEREBY FURTHER ORDERED THAT:**

1. Weighing the equities, this Court finds that a temporary restraining order enjoining Defendants for a period of fourteen days is appropriate at this time.

2. No bond shall be set in this case because the relief requested has no likelihood of unlawfully restraining Defendants' rights.

3.      A hearing for preliminary injunction shall be heard on the \_\_\_\_ day of _____, 2023 at _____ AM/PM EST.

**IT IS FURTHER ORDERED THAT** the Defendants shall be immediately served with a copy of this Order, and that Defendants, including their agents, servants, employees, attorneys and anyone acting in concert or participation with Defendants are hereby temporarily restrained and enjoined consistent with this Order for a period of fourteen days from the date of this Order in accordance with Fed. R. Bankr. P. 7065 and Fed. R. Civ. P. 65(b).

It is **SO ORDERED.**

Dated:_____
MAGDELINE D. COLEMAN
United States Bankruptcy Judge