# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,<br><br>Plaintiffs,<br>v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS VI, LLC, HAWK INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SEECUBIC, INC., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S), JANE DOE(S), DELAWARE and OTHER LAW FIRMS representing and acting in concert with John Doe(s) and/or Jane Doe(s), INVESTMENT BANKS employed by John Doe(s) and/or Jane Doe(s), PATRIC THEUNE, and SEECUBIC B.V.,<br><br>Defendants. | Adv. No. 23-00057 (MDC) |

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

131193633.5

**STREAM TV NETWORKS, INC. AND TECHNOVATIVE MEDIA, INC.'S
MOTION REQUESTING SCHEDULING ORDER**

Plaintiffs Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative," and, collectively with Stream, the "Plaintiffs"), by and through their undersigned counsel, pursuant to the Complaint (as defined below) hereby move this Court ("Bankruptcy Court") to issue a briefing schedule pursuant to F.R.B.P. 7002,[2] 7026, 9006(b)(1), Local Rule 7005-1(a) and Local Rule 9014-2(A)(14). In support thereof, the Plaintiffs respectfully state the following:

**BACKGROUND**

1. On August 12, 2023, Plaintiffs filed an adversary complaint (the "Complaint"). The Summons and Complaint was served on August 21, 2023. *See* Adversary Docket No. 3. The Plaintiffs have been in communication with the Defendants, and filed two motions with the Court requesting a Rule 26(f) conference, (Adversary Docket Nos. 23 and 26).

2. Plaintiffs and Defendants Shadron L. Stastney, SLS Holdings Limited, SeeCubic, Inc., and Hawk Investment Holdings Limited ("Defendants"[3] together with the Plaintiff, the "Parties"), held a conference pursuant to Rule 26(f) on October 27, 2023. Despite holding the conference and active discussions between the Parties this week, the Plaintiffs and the Defendants could not agree on a schedule or a proposed joint scheduling order.

3. A proposed scheduling order was sent to the Defendants on Friday night, October 20, 2023. The Defendants responded on Wednesday night, October 25, 2023 and rejected any

---

[2] References to the Federal Rules of Civil Procedure are applicable pursuant to Federal Rule of Bankruptcy Procedure 7002.

[3] Various other named defendants in the above captioned adversary proceeding have been served, but have not participated or otherwise entered an appearance other than through various Hawk Investment Holdings Limited motions for extension of time to file an answer which the Court and Plaintiffs discussed with Hawk during the last hearing. The Plaintiffs assert that Mr. Morton has made an appearance through a stipulation filed in this Court.

2

schedule other than one which sets dates from the date of the entry of an order regarding their pending motion to dismiss the bankruptcy case. The Plaintiffs present a more traditional order which begins the schedule on October 27, 2023, the date the Rule 26(f) conference took place, and November 15, 2023, the date to which extensions have been granted to answer or respond to the Complaint.

4. The Parties held their Rule 26(f) conference on October 27, 2023 and agreed to submit **competing** proposed orders.

5. Plaintiffs' proposed scheduling order is attached as **Exhibit A**.

## **ARGUMENT**

6. Federal Rule of Civil Procedure 26 regarding timing of the discovery conference requires that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. Rules Civ. Proc., rule 26(f)(1). Rule 16(b)(2) requires issuance of a scheduling order "as soon as practicable" and unless there is good cause for delay, "the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Under Local Rule 9010-1(b)(2), "[t]he filing by an attorney of a pleading, application, motion, stipulation, or other document in an adversary proceeding on behalf of a party constitutes an entry of appearance in the adversary proceeding only by the attorney for that party."

7. Parties were served on August 21, 2023. 90 days from August 21, 2023 is November 20, 2023.[4] Hawk Investment Holdings, Limited was party to a stipulation to extend the time to answer in the adversary proceeding which was filed on September 8, 2023. 60 days from September 8, 2023 is November 7, 2023. Under the applicable rules, the discovery conference in

---

[4] November 19, 2023 falls on a weekend.

this case should have been held "as soon as practicable" but in no event later than October 17, 2023. See Fed. Rules Civ. Proc. 16(b) and 26(f)(1).

8. While the Plaintiffs have been in communication with the Defendants, and filed two motions with the Court pleading for relief regarding the Rule 26(f) conference, (Adversary Docket Nos. 23 and 26), the Defendants did not meet with the Plaintiffs until the Rule 26(f) conference was held on October 27, 2023.[5]

9. Defendants' refusal to actively and in good faith participate in a Rule 26(f) discovery conference until October 27, 2023 is in clear violation of the express requirements of the Federal Rules. Defendants' actions, or perhaps more accurately, their refusal to act, have improperly imposed a stay on this litigation and precluded Plaintiffs from moving forward with discovery and the prosecution of this matter, including possible necessary injunctive relief.

10. Defendants' refusal to comply with the Rules, thereby requiring Plaintiffs to file a noticed motion and seek an order from this Court, delayed both the holding of a Rule 26(f) conference by the required deadline of October 17, 2023 and the entry of a scheduling order as required by applicable Federal Rules by November 7, 2023 *at the latest.*

11. Consequently, Defendants' actions have already resulted in what appears to now be an inevitable violation of the Federal Rules and significant delay to the Plaintiffs and their

---

[5] The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a potential or pending Rule 12 motion, may not have yet filed an answer in the case. Rule 26 and the accompanying Advisory Committee Notes make clear that 26(f) conferences should happen sooner rather than later, regardless of the preliminary nature of the proceedings. Fed. Rules Civ. Proc., rule 26, 1993 Advisory Comm. Notes ("It will often be desirable . . . for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint . . . ."). Rule 26(f)(1) expressly states that "the parties must confer as soon as practicable." Defendants are in violation of the Rules and their clear directives. Fed. Rules Civ. Proc., rule 26, 1993 Advisory Comm. Notes; *see also Melaleuca, Inc. v. Hansen*, 1:10-CV-00553-EJL, 2014 WL 1343452, at *8 (D. Idaho Apr. 3, 2014) (compelling defendant to participate in Rule 26(f) conference while granting plaintiff leave to amend the complaint); *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 122 (E.D.Tex. 2009) (party not excused from making initial disclosures simply because of pending motions to dismiss, remand, or change venue).

ability to prosecute this action unless the Court enters the proposed scheduling order attached as **Exhibit A** to this Motion ("Proposed Order").  While the Plaintiffs thank the Defendants for holding the Rule 26(f) conference and participating in good faith at the conference, no further delays can be warranted.

## RELIEF REQUESTED

12. Plaintiffs respectfully request that this Court enter the attached proposed scheduling order attached hereto as **Exhibit A**.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court enter an order, substantially in the form attached hereto as **Exhibit A**, and any other relief the Court deems just and proper.

Dated: October 27, 2023

Respectfully submitted,

/s/ Rafael X. Zahralddin-Aravena
Rafael X. Zahralddin-Aravena (PA Bar No. 71510)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
Rafael.Zahralddin@lewisbrisbois.com

-and-

Bennett G. Fisher (*pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza #1400
Houston, TX 77046
Telephone: (346) 241-4095
Facsimile: (713) 759-6830
Bennett.Fisher@lewisbrisbois.com

-and-

Keith Kodosky
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
600 Peachtree Street NE, Suite 4700
Atlanta, GA 30308
Telephone: (404) 991-2183
Facsimile: (404) 467-8845
Keith.Kodosky@lewisbrisbois.com

*Admitted pro hac vice*

*Counsel to the Debtors*

6