# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>STREAM TV NETWORKS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10763 (MDC) |
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,<br><br>Plaintiffs,<br>v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS VI, LLC, HAWK INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SEECUBIC, INC., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S),<br><br>Defendants. | Adv. Case No. 23-00057 (MDC) |

**JOINT SUBMISSION OF PROPOSED RULE 26(F) ORDER AND DISCOVERY PLAN AND CASE MANAGEMENT ORDER OF SLS HOLDINGS VI, LLC, SHADRON STASTNEY, SEECUBIC, INC., AND HAWK INVESTMENT HOLDINGS LTD.**

Defendants SLS Holdings VI, LLC ("SLS"), Shadron Stastney ("Stastney"), SeeCubic, Inc. ("SeeCubic"), and Hawk Investment Holdings Ltd. ("Hawk" and, together with SeeCubic, SLS, and Stastney, the "Movants")[2] hereby submit this joint proposed case management order (the "Rule 26(f) Order") under Rule 26(f) of the Federal Rules of Civil Procedure (made applicable

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

[2] As of the date hereof, the Plaintiffs have not accomplished service on any of the "Defendants" included in the Complaint other than the Movants.

to these proceedings by Rule 7026 of the Federal Rules of Bankruptcy Procedure), attached hereto as <u>Exhibit A</u>. The Movants request the Court approve the Rule 26(f) Order attached hereto in lieu of the proposal submitted substantially contemporaneously herewith by the above-captioned Plaintiffs (the "Competing Proposal"). In support of the Movant's request, they aver:

## FACTUAL BACKGROUND

1. On August 12, 2023, Plaintiffs filed an adversary complaint [AP ECF No. 1] (the "Complaint") alleging nineteen causes of action against fifteen named defendants and formally commencing these proceedings (the "Adversary Proceedings"). The defendants to the Adversary Proceedings include several foreign individuals and entities, as well as numerous "John Does."

2. On September 18, 2023, Movants filed motions to extend time to file answers to the Complaint pursuant to Rule 9006(b)(1) [ECF Nos. 18 & 19], both of which the Court granted extending the Movants' deadlines to respond to the Complaint until October 13, 2023 [ECF Nos. 20 & 22].

3. On October 10, 2023, Hawk filed *Hawk Investment Holdings Ltd.'s Second Motion to Extend Time to File an Answer Pursuant to Rule 9006(b)(1)* [ECF No. 56] (the "Extension Motion"), requesting an additional extension through November 13, 2023, to which the other Movants filed joinders [ECF Nos. 58, 60, 62]. The Extension Motion requested an enlargement of time to file responsive pleadings to the Complaint primarily based on the various other proceedings pending as part of the Plaintiffs' main Chapter 11 Cases, including the anticipated resolution of the "Hawk Motions,"[3] resolution of which may obviate the need for any further action

---

[3] As used herein, the "Hawk Motions" shall mean (I) *Hawk Investment Holdings Inc.'s Emergency Motion for Relief from the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* [Docket No. 16] (the "Stay Relief Motion") and (II) *Motion of Hawk Investment Holdings Ltd. (I) Pursuant to Section 1112(b) of the Bankruptcy Code Either (A) (1) to Dismiss the Debtors' Chapter 11 Cases or (2) to Convert such Cases to Cases under Chapter 7 or,*

2

in these Adversary Proceedings. The Court granted the Extension Motion on October 12, 2023 [ECF No. 65].

4. Though the Movants still believe that the Adversary Proceedings should not continue until after the resolution of the Hawk Motions, over the course of the aforementioned continuances, the Plaintiffs and Movants have engaged in several discussions and agreed to a timeline for the Movants to file Motions to Dismiss. With respect to a discovery schedule, however, the discussions have been fruitless. The parties' respective positions are as follows:

   a. The Plaintiffs proposed the Movants file dispositive motions in the Adversary Proceedings on or before November 15, 2023, with the Plaintiffs' oppositions due by December 6, 2023, and replies of the Movants by December 20, 2023. For discovery, the Plaintiffs proposed it start immediately notwithstanding the anticipation of the Movants filing motions to dismiss and several of the Defendants admittedly not having yet been served.

   b. Conversely, the Movants agreed to the Plaintiffs' proposed timelines for dispositive motions; however, the Movants proposed that discovery commence after the Court rules on the dispositive motions, so the parties are all able to engage in targeted and efficient discovery concerning only the claims that are viable (if any). Moreover, the Movants requested inclusion of certain requirements related to the production of electronically stored information and that the timelines be suspended if a trustee is appointed in the Chapter 11 Cases.

---

*(B) in the Alternative, Pursuant to Section 1104(a) of the Bankruptcy Code to Appoint a Chapter 11 Trustee and (II) to Request Expedited Consideration Pursuant to Local Rule 5070-1(g) [Docket No. 83].*

5. Late on Friday, October 20, 2023, Plaintiffs' counsel sent a proposed discovery schedule to Defendants. Exhibit B at 11. Three business days later, Hawk's counsel responded with a counterproposal on behalf of the Movants, which Plaintiffs' counsel rejected minutes later. Exhibit B at 9. On October 26, 2023, Hawk's counsel asked Plaintiffs' counsel if they wished to hold a Rule 26(f) conference by phone. Exhibit B at 6. Plaintiffs' counsel demanded a Rule 26(f) conference the same day, but not all counsel for Defendants were able to attend. Exhibit B at 4-5. Defendants' counsel emailed Plaintiffs' counsel with times for the following day, October 27, 2023, and the parties agreed to hold the conference on that date. Exhibit B at 1-3.

6. On October 27, 2023, the parties held a formal conference as required by Rule 26(f). During the conference, the Plaintiffs and Movants ultimately decided they would not reach an agreement as to discovery matters and would have to submit competing proposals for a discovery plan. Accordingly, the Movants submit the attached Rule 26(f) Order as embodying their proposal.

## THE RULE 26(F) ORDER

7. The Movants submit that the Rule 26(f) Order represents the most logical, efficient, and proper path forward in these Adversary Proceedings. There is simply no reason for the parties to engage in broad-based, extensive discovery prior to the Court determining the relevant universe of claims that endure beyond the motions to dismiss (and, potentially, against which parties such discovery may even be available). As such, the Rule 26(f) Order and discovery plan proposed by the Movants is the proper path forward in order to ensure the parties do not waste time, effort, and resources pursuing and defending against potentially invalid and unavailable causes of action.

8. Courts have "broad discretion to manage discovery." *Greene v. Horry County*, 650 F. App'x 98, 100–01 (3d Cir. 2016) (quoting *Sempier v. Johnson & Higgins*, 45 F. 3d 724,

4

734 (3d Cir. 1995)). The United States Supreme Court has reasoned that Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). As such, courts routinely exercise their discretion in delaying discovery until the issues are narrowed—*i.e.*, "streamlined"—by resolution of motions to dismiss. *See, e.g.*, *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) (finding that the lower court did not abuse its discretion in staying discovery with motion to dismiss pending; "motions to dismiss … should typically 'be resolved before discovery begins'") (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (holding that the court did not abuse its discretion in staying discovery pending motion to dismiss when "discovery would be futile"); *Ramos v. Wal-Mart Stores, Inc.*, 5:16-CV-00304, 2016 WL 11698044, at *1 (E.D. Pa. Mar. 1, 2016) (staying all discovery pending disposition of motion to remand and motion to dismiss); *Nat'l Alliance for Accessibility, Inc. v. Belk, Inc.*, No. 5:12-CV-00386, 2013 WL 1614672, at *1 (E.D.N.C. Apr. 15, 2013) (noting that court continued Rule 26(f) conference and postponed entry of Rule 16 scheduling order and initiating discovery pending ruling on motion to dismiss); *Pedroli ex rel. Microtune, Inc. v. Bartek*, 251 F.R.D. 229, 230–31 (E.D. Tex. 2007) (delaying discovery until decision on motion to dismiss); *Tschirn v. Kurzweg*, No. 03-0369, 2003 WL 21087741, at *2 (E.D. La. May 8, 2003) (staying discovery until ruling on motion to dismiss). Thus, a court is free to tailor a discovery schedule that makes sense given the posture of the case and context within which it arises.

9. Here, the Court should accept the Movants' Rule 26(f) Order, as it would allow the parties to narrow the issues and engage in targeted discovery solely on relevant and surviving issues. Such "streamlining" of discovery is imperative, especially considering the burdens on the

5

Plaintiffs (as debtors-in-possession) in engaging in discovery with up to fifteen separate parties—much of which may be futile. *See Chudasama,* 123 F.3d at 1367 (holding that district court abused discretion in granting motion to compel discovery when motion to dismiss fraud claim was pending and resolution of motion to dismiss could have narrowed issues and scope of discovery; explaining extensive burdens of discovery on judicial system and parties).

10. The Movants' schedule is particularly warranted here where the Movants possess meritorious legal defenses to virtually all of the Plaintiffs' claims. Some Defendants are likely to be dismissed entirely because this Court has no jurisdiction over them—either because of Plaintiffs' defective attempts at service or because personal jurisdiction simply does not exist over certain Defendants. Beginning discovery before such significant jurisdictional questions are resolved is extremely prejudicial to those defendants. Moreover, many other claims are likely to be dismissed in their entirety, again based on legal grounds including (but not limited to) collateral estoppel, the statute of limitations, the first-filed doctrine, and the existence of settlement agreements covering some of the claims in the Complaint.

11. Conversely, the Plaintiffs' Competing Proposal would require the parties to engage in discovery ***prior to any*** of the Movants—let alone the other Defendants—even filing responsive pleadings. Such a discovery plan would also impose tremendous costs on all of the parties in interest and potentially be rendered fruitless by the motions to dismiss and/or the Hawk Motions. The incurrence of these costs by the Plaintiffs, as debtors-in-possession, is definitively ***not*** in the best interests of the Plaintiffs, their estates, and all of their stakeholders. The Plaintiffs know this, yet they are anxious to push ahead on discovery—without direction and (at least potentially) while chasing ghosts. This Plaintiffs are pursuing this course of action for at least three reasons: (1) the Plaintiffs intend to engage in broad-based, non-targeted discovery in order to harass the

6

Defendants and drive up their costs, (2) the Plaintiffs hope to weaponize whatever information they obtain related to Defendants' investors and business relationships, and inflict any damage they can, and (3) the Plaintiffs endeavor to distract the Court with needless—yet inevitable— discovery disputes and conflicts instead of ruling on the Hawk Motions. Neither of these justifications is prudent or reasonable under the circumstances.[4]

12. Finally, Movants also note that Plaintiffs' stated desire to move discovery forward immediately is in stark contrast to their position in the first-filed District of Delaware action. Stream brought many of the same claims it raises in the Adversary Proceedings as plaintiff in an action it filed in the District of Delaware on June 22, 2022. Once Stream filed for bankruptcy, that case was automatically stayed. Stream could have endeavored to push that action forward at any time, yet in a Joint Status Report to that Court filed on September 18, 2023, Stream instead stated that it wanted that action to remain stayed. *See Stream TV Networks, Inc., v. Shadron Stastney et al.*, 1:22-cv-00851-CJB (ECF No. 82). The fact that they have made the tactical move to keep the litigation in the District of Delaware frozen, while trying desperately to start discovery in this Court

---

[4] In the Plaintiffs' motion to approve the Competing Proposal, their "argument" turns solely on the purported delays in holding a conference under Rule 26(f) rather than the merits or propriety of the Competing Proposal. An issue that is now mooted. If the Conference was "late" under the Federal Rules of Civil Procedure, by the Plaintiffs' own calculations, the parties only needed to submit their proposed discovery plan by no later than October 31, 2023—*i.e.*, 14 days after the deadline to hold the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(f)(2). But the Plaintiffs have sown confusion and chaos regarding the applicable deadlines, given that they have (1) moved in the District Court to withdraw the reference for this case to this Court; (2) moved twice to compel a Rule 26(f) conference, before the time such a conference was required; and (3) circulated a proposed scheduling order which represented that the parties' negotiations over the proposed scheduling order would take the place of a formal Rule 26(f) conference. The irony is that Defendants' counsel was first to propose the parties hold the Rule 26(f) conference that took place on October 27 (Exhibit B at 6), 2023, and despite the fact that Plaintiffs' counsel purported to be eager for such a conference to take place, the parties only discussed the competing discovery schedules for about two minutes. Plaintiffs' counsel's complaints about the late Rule 26(f) conference are much ado about nothing.

In any event, this Motion and the Competing Proposal are timely within Rule 16 (even under Plaintiff's dubious calculations), and there will ultimately be no delay under the Civil Rules, as the Court will have more than a week to consider the proposals and enter the scheduling order under Rule 16(b).

as quickly as possible lays bare that they are motivated more by forum shopping and manufacturing disputes to raise in this Court than by a desire for efficient and expeditious relief.

13. Nothing herein shall be construed as a waiver of any defense or claim the Movants (or other Defendants) may have with respect to the Complaint, including, but not limited to, any defense to the form, type, and procedure related to service of process. The Movants reserve all rights with respect to any answer, response, motion, or claim they may make in response to the Complaint, including with respect to service of process and personal jurisdiction.

WHEREFORE, the Movants respectfully request this Honorable Court enter an order approving the Rule 26(f) Order and discovery schedule as proposed by the Movants and deny the request of the Plaintiffs with respect to the Competing Proposal.

Dated: October 30, 2023                              **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi
Megan E. O'Connor
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
megan.oconnor@klgates.com

-and-

Margaret R. Westbrook (admitted pro hac vice)
Aaron S. Rothman (admitted pro hac vice)
Jonathan N. Edel (admitted pro hac vice)
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: 704-331-7400
Margaret.westbrook@klgates.com
Aaron.Rothman@klgates.com
Jon.edel@klgates.com

-and-

Thomas A. Warns (admitted pro hac vice)
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-4009
Tom.warns@klgates.com

*Attorneys for Hawk Investment Holdings Limited*

**ROBINSON & COLE LLP**
/s/ *Davis Lee Wright*
Davis Lee Wright (No. 90926)
Katherine M. Fix (No. 314471)
Ryan M. Messina (No. 329835)
1650 Market Street
Suite 3030
Philadelphia, Pennsylvania 19103
Tel: (215) 398-0600
Fax: (215) 827-5982
Email: dwright@rc.com
kfix@rc.com
rmessina@rc.com

- and -

QUARLES & BRADY LLP
Brittany S. Ogden (pro hac vice)
33 East Main Street, Suite 900
Madison, Wisconsin 53703
Tel: (608) 283-2457
Email: brittany.ogden@quarles.com

*Counsel for Defendant SLS Holdings VI, LLC*

**BALLARD SPAHR, LLP**
/s/ *Terence M. Grugan*
Terence M. Grugan (No. 307211)
Emilia L. McKee Vassallo (No. 318428)
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 665-8500
Fax: (215) 864-8999
Email: GruganT@ballardspahr.com
McKeeVassalloE@ballardspahr.com

*Counsel for Defendant Shadron Stastney*

Respectfully Submitted,
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
/s/ *Joseph O. Larkin*
Joseph O. Larkin (I.D. No. 206047)
920 N. King Street, One Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001

- and -

James J. Mazza, Jr. (*pro hac vice*)
Justin M. Winerman (*pro hac vice*)
Rebecca L. Ritchie (*pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0549
Facsimile: (312) 407-8641

- and -

Eben P. Colby (*pro hac vice*)
Marley Ann Brumme (*pro hac vice*)
500 Boylston Street, 23rd Floor
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile: (617) 573-4822

*Counsel for Defendant SeeCubic, Inc.*

## CERTIFICATE OF SERVICE

I, Steven L. Caponi, certify that on October 30, 2023 I caused a copy of the forgoing *Joint Submission of Proposed Rule 26(f) Order and Discovery Plan and Case Management Order of SLS Holdings VI, LLC, Shadron Stastney, SeeCubic, Inc., and Hawk Investment Holdings Ltd.* to be served on those persons receiving notice through CM/ECF.

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 91881)