# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[1]<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>    Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |
| STREAM TV NETWORKS, INC. and<br>TECHNOVATIVE MEDIA, INC.,<br><br>    Debtors,<br>v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS<br>VI, LLC, HAWK INVESTMENT HOLDINGS<br>LIMITED, ARTHUR LEONARD ROBERT<br>"BOB" MORTON, SEECUBIC, INC.,<br>ALASTAIR CRAWFORD, KRZYSZTOF<br>KABACINSKI, KEVIN GOLLOP, ASAF<br>GOLA, JOHN DOE(S), JANE DOE(S),<br>DELAWARE and OTHER LAW FIRMS<br>representing and acting in concert with John<br>Doe(s) and/or Jane Doe(s), INVESTMENT<br>BANKS employed by John Doe(s) and/or Jane<br>Doe(s), PATRIC THEUNE, and SEECUBIC<br>B.V.,<br><br>    Defendants. | Adv. No. 23-00057 |

---

[1] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

## CASE MANAGEMENT PLAN AND SCHEDULING ORDER

MAGDELINE D. COLEMAN, Chief United States Bankruptcy Judge:

This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Bankruptcy Procedure 7026 and Federal Rule of Civil Procedure 26(f)(3):

1.     This Case Management Plan and Scheduling Order shall apply in the above-captioned adversary proceeding.

   a.     The term "Complaint" as used herein shall mean the complaint filed in the above-captioned adversary proceeding.

   b.     The term "Defendants" as used herein shall mean those defendants in the above-captioned adversary proceeding whom have been served and have entered an appearance. For the avoidance of doubt, as of the date of filing this Case Management Plan and Scheduling Order the only defendants whom have been served and whom have entered an appearance are SeeCubic, SLS, Stastney, and Hawk.

2.     Defendants shall have until November 15, 2023 to answer, move against, or otherwise respond to the Complaint.  The discovery planning conference described in **Fed. R. Civ. P. 26(f)**, made applicable by **Fed. R. Bankr. P. 7026**, has been deemed to have occurred.

3.     The schedule for the briefing of Defendants' motions to dismiss the Complaint (the "Motions to Dismiss") shall be as follows:

   a.     Moving briefs due November 15, 2023;

   b.     Oppositions due December 6, 2023; and

   c.     Replies due December 20, 2023.

4.     The following discovery and pretrial schedule shall apply absent further agreement of the Parties or order of the Court. In the event that any of the dates specified below falls on a weekend, the applicable deadline shall be the next business day.

   a.     Initial Disclosures. Each party shall serve its initial disclosures required by Rule 26(a)(1) (BR 7026) no later than two weeks after a ruling on the Motions to Dismiss.

   b.     Fact Discovery.

2

> i.      The parties may serve document requests pursuant to Rule 34 (BR 7034), interrogatories pursuant to Rule 33 (BR 7033), requests for admissions pursuant to Rule 36 (BR 7036) and other requests for written discovery starting two weeks after a ruling on the Motions to Dismiss.
>
> ii.     The parties may serve on non-parties subpoenas for documents pursuant to Rule 45 (BR 9016) starting two weeks after a ruling on the Motions to Dismiss.
>
> iii.    The parties shall serve all document requests on or before 150 days after a ruling on the Motions to Dismiss, and shall substantially complete their production of documents on or before 180 days after a ruling on the Motions to Dismiss (it being understood that Parties will produce responsive materials on a rolling basis in advance of such date).
>
> iv.     The parties shall provide logs of documents withheld or redacted on privilege grounds on or before 180 days after a ruling on the Motions to Dismiss.
>
> v.      Deposition notices shall be served no less than 14 days prior to the deposition date. Plaintiffs and Defendants shall each be entitled to take a total of 10 depositions of fact witnesses.
>
> vi.     Fact discovery shall be completed within 180 days after a ruling on the Motions to Dismiss.

c.      Expert Discovery.

> i.      Plaintiffs' initial expert reports shall be served within 210 days after a ruling on the Motions to Dismiss.
>
> ii.     Defendants' expert reports—including rebuttal reports in response to Plaintiffs' initial expert reports and expert reports on a subject not addressed in Plaintiffs' initial expert reports—shall be served within 240 days after a ruling on the Motions to Dismiss.
>
> iii.    In the event that Defendants' experts reports address a subject not addressed in Plaintiffs' initial expert reports, Plaintiffs may serve a rebuttal expert report in response thereto within 270 days after a ruling on the Motions to Dismiss.
>
> iv.     All expert reports must satisfy the requirements of Federal Rule of Civil Procedure 26 (BR 7026).
>
> v.      Expert depositions shall be completed within 300 days after a ruling on the Motions to Dismiss.

d.      Summary Judgment Motions.

> i.      Motions for summary judgment shall be due within 360 days of a ruling on the Motions to Dismiss.
>
> ii.     Oppositions to motions for summary judgment shall be due within 390 days of a ruling on the Motions to Dismiss.
>
> iii.    Replies in support of summary judgment shall be due within 420 days of a ruling on the Motions to Dismiss.

5.      Any motion to amend or to join additional parties shall be filed no later than 300 days after a ruling on the Motions to Dismiss.

6.      In the event the Court appoints a Chapter 7 or Chapter 11 Trustee over one or both of the Debtors, the dates in this Schedule shall be suspended and the parties will confer with the Trustee and submit a revised schedule within 90 days of the Trustee's appointment.

7.      Treatment of Electronically Stored Information. The parties have discussed the existence of electronically stored information ("ESI") in this matter, and the parties shall:

- preserve ESI concerning any claims and defenses in the Complaint; and

- unless otherwise agreed to by the parties, produce all ESI in one of the following forms:

  - native files,

  - multi-page TIFFs (with a companion OCR or extracted text file), or

  - single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files).

Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

8.      General Deadline for Filing Response or Objection to Motion. Except as provided in L.B.R. 9014-2 and subdivision (i), a response or objection to a motion shall be filed and served on the movant, or if the movant is represented, counsel for the movant, no later than 14 days after the date on which the movant serves the motion.

9.      Mediation. Plaintiffs and the Defendants shall confer regarding appointment of a mediator, and on or before 420 days from a ruling on the Motions to Dismiss, shall file a stipulation regarding appointment of mediator. If the parties fail to file such a stipulation by this date, the parties shall request a status conference with the Court to resolve the dispute. The parties shall meet and confer concerning procedures for the mediation. Unless otherwise agreed by the parties, the mediation shall be governed by Local Rule 9019-5. Local Rule 9019-5(j) shall not apply to the mediation in this matter.

10.     Jurisdiction. Nothing in this Case Management Plan and Scheduling Order shall be deemed a waiver of any Defendant's rights under Local Rule 9013-1(f) or other jurisdictional objections.

11.     Modification. The parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

12.     The proposed joint pretrial order shall be submitted on ECF in accordance with Federal Rule of Civil Procedure 26(a)(3) (BR 7026) no later than _____.

13.     Trial. The trial of this matter shall begin on _____.

14.     Counsel for the Parties:

PLAINTIFFS:

Rafael X. Zahralddin-Aravena
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
550 E. Swedesford Road, Suite 270
Wayne, PA 19087
Telephone: (302) 985-6000
Facsimile: (302) 985-6001
Rafael.Zahralddin@lewisbrisbois.com

-and-

Vincent F. Alexander *pro hac vice*
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, FL 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
Vincent.Alexander@lewisbrisbois.com

-and-

Bennett G. Fisher (*pro hac vice*)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
24 Greenway Plaza #1400
Houston, TX 77046
Telephone: (346) 241-4095

Facsimile: (713) 759-6830
Bennett.Fisher@lewisbrisbois.com


-and-


Keith Kodosky *(pro hac to be filed)*
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
600 Peachtree Street, NE, Suite 4700
Atlanta, GA 30308
Telephone: (404) 991-2183
Facsimile: (404) 467-8845
Keith.Kodosky@lewisbrisbois.com


*Counsel to the Debtors*

DEFENDANTS:[2]

Steven L. Caponi
Megan E. O'Connor
**K&L GATES LLP**
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
megan.oconnor@klgates.com


-and-


Margaret R. Westbrook (admitted pro hac vice)
Aaron S. Rothman (admitted pro hac vice)
Jonathan N. Edel (admitted pro hac vice)
**K&L GATES LLP**
300 South Tryon Street, Suite 1000
Charlotte, NC 28202
Telephone: 704-331-7400
Margaret.westbrook@klgates.com
Aaron.Rothman@klgates.com
Jon.edel@klgates.com


-and-

---

[2] The counsel listed below only represent the specific party(ies) identified beneath their signature blocks in these proceedings.  Several proposed defendants have yet to be served and have not made appearances in these cases.  Any such party will have counsel make an appearance as is necessary in the future.

Thomas A. Warns (admitted pro hac vice)
**K&L GATES LLP**
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-4009
Tom.warns@klgates.com

*Attorneys for Hawk Investment Holdings Limited*

AND

Joseph O. Larkin (I.D. No. 206047)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
920 N. King Street, One Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001

- and -

James J. Mazza, Jr. (*pro hac vice*)
Justin M. Winerman (*pro hac vice*)
Rebecca L. Ritchie (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0549
Facsimile: (312) 407-8641

- and -

Eben P. Colby (*pro hac vice*)
Marley Ann Brumme (*pro hac vice*)
**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**
500 Boylston Street, 23rd Floor
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile: (617) 573-4822

AND

*Counsel for Defendant SeeCubic, Inc.*

Davis Lee Wright (No. 90926)

Katherine M. Fix (No. 314471)
Ryan M. Messina (No. 329835)
**ROBINSON & COLE LLP**
1650 Market Street
Suite 3030
Philadelphia, Pennsylvania 19103
Tel: (215) 398-0600
Fax: (215) 827-5982
Email: dwright@rc.com
kfix@rc.com
rmessina@rc.com

- and -

Brittany S. Ogden (pro hac vice)
**QUARLES & BRADY LLP**
33 East Main Street, Suite 900
Madison, Wisconsin 53703
Tel: (608) 283-2457
Email: brittany.ogden@quarles.com

*Counsel for Defendant SLS Holdings VI, LLC*

AND

Terence M. Grugan (No. 307211)
Emilia L. McKee Vassallo (No. 318428)
**BALLARD SPAHR, LLP**
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Tel: (215) 665-8500
Fax: (215) 864-8999
Email: GruganT@ballardspahr.com
McKeeVassalloE@ballardspahr.com

*Counsel for Defendant Shadron Stastney*


Dated: October ___, 2023            _____
                                    Magdeline D. Coleman
                                    Chief United States Bankruptcy Judge


8