# **EXHIBIT A**

132175155.2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.,[3]<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10763 (MDC) |
| In re:<br><br>Technovative Media, Inc.,<br><br>Debtor. | Chapter 11<br><br>Bky. No. 23-10764 (MDC)<br><br>(Jointly Administered) |

**ORDER RESTATING AND ENFORCING THE WORLDWIDE AUTOMATIC STAY**

Upon consideration of the *Emergency Motion for Entry of an Order Enforcing the Automatic Stay and for Sanctions for Willful Stay Violation* (D.I. 49); *Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of property of Debtors' Estate; and (3) Imposing Sanctions for Willful Stay Violations* (D.I. 76); *Debtors' Supplement to Amended Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of property of Debtors' Estate; and (3) Imposing Sanctions for Willful Stay Violations* (D.I. 90); *Debtors' Motion for Withdrawal of Writ of Summons and Evidentiary Hearing for Monetary Damages* (D.I. 125); and *Additional Supplement to Debtors' Emergency Motion for Entry of an Order: (1) Enforcing the Automatic Stay; (2) Directing the Turnover of Property of Debtors' Estate; and (3) Imposing Sanctions for Willful Stay Violations*

---

[3] The Debtors, together with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (…4092) and Technovative Media, Inc. (…5015). The location of the Debtors' service address is: 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

(D.I. 458) (collectively, the "Stay Enforcement Motions"), filed by Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative"), the above-captioned debtors and debtors-in-possession (collectively, "Debtors"); this Court having jurisdiction to consider the Stay Enforcement Motions pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference of the United States District Court for the Eastern District of Pennsylvania*, dated November 8, 1990; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these Chapter 11 cases and the Stay Enforcement Motions in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Stay Enforcement Motions and the relief requested therein has been provided in accordance with all applicable rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and objections to the Stay Enforcement Motions having been withdrawn, resolved, or overruled on the merits; and a hearing having been held to consider the relief requested in the Stay Enforcement Motions and upon the record of the hearing and all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Stay Enforcement Motions is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Stay Enforcement Motions establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore;

    **IT IS HEREBY ORDERED THAT**:

    The Stay Enforcement Motions are GRANTED as set forth herein.

    Pursuant to Section 362 of the Bankruptcy Code:

(a) all persons, (including but not limited to, individuals, partnerships, corporations, trusts, any other forms of domestic or foreign entities, and any and all individuals and/or entities acting for or on their behalf) **whether of the United States** (and any state, political subdivision, municipality, or territory thereof) **or any non-U.S. jurisdiction** (and any state, province, political subdivision, municipality, bailiwick, or territory, thereof); **AND**

(b) all governmental units (and any and all individuals and/or entities acting for or on their behelf) **whether of the United States** (and any state, political subdivision, municipality, or territory thereof) **or any non-U.S. jurisdiction** (including any state, political subdivision, municipality, bailiwick, territory, division, department, agency, instrumentality or service thereof, and all those acting on their behalf) are **STAYED**, **RESTRAINED**, and **ENJOINED** from:

(I) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of these chapter 11 cases, or to recover a claim against the Debtors that arose before the commencement of these Chapter 11 cases;

(II) the enforcement, against the Debtors or against property of the estates, of a judgment obtained before the commencement of these Chapter 11 cases;

(III) any act to obtain possession of property of the estates or of property from the estates or to exercise control over property of the estates;

(IV) any act to create, perfect, or enforce any lien against property of the estates;

(V) any act to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 cases;

(VI) any act to collect, assess, or recover a claim against the Debtors that arose before the commencement of these Chapter 11 cases;

(VII) the setoff of any debt owing to the Debtors that arose before the commencement of these Chapter 11 cases against any claim against the Debtors; and

(VIII) the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a Debtor that is a corporation for a taxable period the bankruptcy court may determine; and

(IX) commencing, drafting, amending, pursuing, continuing to pursue, prosecuting, applying for, or otherwise participating in any filings or proceedings with the United States Patent and Trademark Office, the Patent Trial and Appeal Board, and any other domestic or other foreign intellectual property office with respect to, but not limited to any and all: (a) trademarks; (b) copyrights; (c) patents (including new claims, claim amendments, reissue and reexamination proceedings, inter partes review, post grant reviews, or other contested proceedings where the scope of claims could be changed or new claims could be pursued); or (d) otherwise procuring or seeking to procure any kind of intellectual property right.

(c)   All **foreign and domestic persons and governmental units** (as described in, but not limited to, parts (a) and (b) of this Order) and all those acting on their behalf, including, but not limited to, sheriffs, marshals, constables, and other or similar law enforcement officers and officials are **STAYED**, **RESTRAINED**, and **ENJOINED** from in any way seizing, attaching, foreclosing upon, levying against, or in any other way interfering with any and all property of the Debtors and the Debtors' estates, wherever located, **whether in a U.S. or non-U.S. jurisdiction.**

(d)   The Debtors may use reasonable methods of providing notice to any persons (including individuals, partnerships, corporations, other entities and all those acting on their behalf) and governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, or any foreign country (including any division, department, agency, instrumentality or service thereof and all those acting on their behalf), that intends to, is or may violate the **WORLDWIDE AUTOMATIC STAY** using such methods as, including but not

132175155.2   10

limited to, publication, certified and non-certified mail, service upon the person's or governmental unit's attorney, facsimile, email, posting on the Debtors' website, hand delivery and courier.

      (e)      The terms and conditions of this Order are immediately effective and enforceable upon its entry.

      (f)      The Debtors are authorized and empowered, but not directed, to take all actions necessary to effectuate the relief granted in this Order.

      (g)      For the avoidance of doubt, this Order expressly grants both the relief sought in this Order and the relief sought in the Previously Filed Stay Motions.

      (h)      Shadron Stastney is hereby: (i) removed as director from any and all of Stream's foreign subsidiaries; and (ii) is divested of any and all authority, whether actual or apparent, over Stream's foreign subsidiaries.

      (i)      Stream has the exclusive right to appoint the director of its foreign subsidiaries.

      (j)      All acts of any parties, **whether within a U.S. or non-U.S. jurisdiction**, in violation of this Order are void.

      (k)      This Court retains the jurisdiction to take appropriate remedial action against any persons and/or governmental units as described in, but not limited to, sections (a) and (b) of this Order, that violate the relief granted herein **whether within a U.S. or non-U.S. jurisdiction**, including, but not limited to:

      (i) holding such persons in contempt;

      (ii) enjoining any such persons from further violations of the automatic stay, and/or

      (iii) issuing any appropriate sanctions that may be enforced against such persons' assets **that are located either within or without the United States.**

132175155.2   11

**IT IS SO ORDERED**

Dated:_____  _____
MAGDELINE D. COLEMAN
United States Bankruptcy Judge