UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.<br>and Technovative Media, Inc.,<br><br>Debtors.[1] | Chapter 11<br><br>Bankr. Case No. 23-10763 (MDC) |
| Stream TV Networks, Inc., *et al.*<br><br>Plaintiffs<br><br>v.<br><br>Shadron L. Stastney, *et al.*<br><br>Defendants. | Adv. Case No. 23-00057 (MDC) |

### SEECUBIC, INC.'S EXPEDITED MOTION FOR REBUTTAL WITNESSES TO APPEAR VIA ZOOM AT NOVEMBER 27, 2023 HEARING

SeeCubic, Inc. ("SeeCubic"), by and through its undersigned attorneys, seeks an order from this Court pursuant to Federal Rule of Civil Procedure 43(a)[2] permitting two of SeeCubic's rebuttal witnesses, Ad Luijks and Bart Barenbrug, to appear via Zoom at the continued hearing, on Debtors' Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction (the "TRO Motion"), scheduled for November 27, 2023.  ECF No. 30.  In support of this Motion, SeeCubic respectfully states as follows:

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015).  The location of the Debtors' service address is 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

[2] Federal Rule of Civil Procedure 43 is made applicable to these actions through Rule 9017 of the Federal Rules of Bankruptcy Procedure.

**BACKGROUND**

### A.   Messrs. Luijks' And Barenbrug's Testimony Is Critical To Rebut Debtors' Evidence And Will Be Helpful To The Court

1. On September 30, 2023, Debtors filed the TRO Motion. ECF No. 30. As later supplemented (ECF No. 69), the TRO Motion asserts that, among other things, a temporary restraining order or preliminary injunction is necessary to protect the Debtors' alleged trade secrets and intellectual property from disclosure to third parties and the public writ large. ECF No. 30 at 9-11; ECF No. 69 at 4-8. Debtors concede that the trade secrets and other intellectual property at issue are not owned by Debtors. *In re Stream TV Networks, Inc.*, No 23-10763 (Bankr. E.D. Pa.), Schedule A/B: Assets -- Real and Personal Property [ECF No. 52]; *In re Technovative Media, Inc.*, No 23-10764 (Bankr. E.D. Pa.), Schedule A/B: Assets -- Real and Personal Property [ECF No. 47]. Those assets are instead owned by and reside at Debtors' indirect subsidiaries, including SeeCubic B.V. June 27 Hr'g Tr. at 60-61.

2. The Court scheduled a hearing on the TRO Motion for October 6, 2023. In advance of the October 6 hearing, the parties filed witness and exhibit lists. ECF Nos. 50, 51. SeeCubic's witness list included, among others, "any witness necessary for impeachment and/or rebuttal purposes." ECF No. 51 at 1. SeeCubic also reserved the right to amend its witness and exhibit lists. *Id.* at 2. The Court held evidentiary hearings on the TRO Motion on October 6, October 16, and October 30, 2023. As of the conclusion of proceedings on October 30, 2023, Debtors had not yet completed presentation of their case-in-chief and indicated that they intend to call an additional witness.

3. During his testimony on October 16 and 30, 2023, Debtors' CEO, Mathu Rajan, testified at length concerning the operations of SCBV. Of particular note, Mr. Rajan testified that the Debtors' alleged trade secrets have already been exposed and are at risk of further leakage

because, according to Mr. Rajan, SCBV has ceased utilizing certain security protocols. Oct. 30, 2023 Hr'g Tr. at 106-08. As the basis for this assertion, Mr. Rajan cites a trip he took to SCBV's Eindhoven, Netherlands offices in March or April 2023 during which he spoke to SCBV employees and performed a "physical inspection." Oct. 30, 2023 Hr'g Tr. at 108. During cross-examination on October 30, Mr. Rajan also testified that Stream has brought projects to SCBV but that SCBV has refused to work on those projects. Oct. 30, 2023 Hr'g Tr. at 149-51.

4. In light of Mr. Rajan's October 30, 2023, testimony, when Debtors complete their case-in-chief, SeeCubic intends to call Messrs. Luijks and Barenbrug as rebuttal witnesses. Both are directly involved in relevant matters to the TRO Motion. Mr. Luijks serves as Finance Director at SCBV and has personal knowledge regarding, among other things, whether and to what extent Stream has brought any projects to SCBV and whether Stream's conduct has itself been detrimental to SCBV. Dr. Barenbrug serves as Senior Software Designer at SCBV and has personal knowledge regarding, among other things, the security procedures at SCBV, the scope of engineering work performed there, and projects on behalf of SeeCubic and Stream. Dr. Barenbrug is uniquely positioned to directly rebut Mr. Rajan's testimony about, for example, what Mr. Rajan was told during his visit to SCBV's offices in Spring 2023, what Mr. Rajan was told by SCBV about work on any Stream projects, and what security protocols are in place at SCBV today.

5. On November 20, 2023, counsel to Messrs. Luijks and Barenbrug informed counsel to SeeCubic that they were willing to voluntarily provide testimony in the continued hearing on the TRO Motion, i.e., they are willing to appear without being compelled by process or otherwise. However, Messrs. Luijks and Barenbrug are both residents of the Netherlands and have professional and personal commitments that would prevent them from traveling to the

United States to appear at the continued hearing. For example, SeeCubic has been informed that Dr. Barenbrug has an upcoming medical procedure scheduled that makes international travel to appear in Philadelphia on November 27 particularly burdensome. SeeCubic does not control either Mr. Luijks or Dr. Barenbrug. SeeCubic anticipates that the combined direct exam testimony of Messrs. Luijks and Barenbrug will be less than two hours at most.

## ARGUMENT

### A. The Court Should Allow Messrs. Luijks And Barenbrug To Appear Via Zoom

6. Federal Rule of Civil Procedure 43 provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."[3] While live in-person testimony is "optimal for trial testimony," testimony by contemporaneous transmission accomplishes the goals of live testimony because the Court can "see the live witness along with his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration." *In re Vioxx Prods. Liability Litig.*, 439 F. Supp. 2d 640, 644 (E.D. La. 2006) (allowing trial testimony via videoconferencing) (citations and internal quotation marks omitted).

7. Here, good cause and compelling circumstances exist to allow Messrs. Luijks and Barenbrug—both non-parties to this action—to testify remotely. Specifically, Messrs. Luijks

---

[3] While SeeCubic is mindful of the recent expiration of COVID-era protocols adopted by the Judicial Conference allowing evidentiary hearings to be conducted remotely, Rule 43 of the Federal Rules of Civil Procedure has permitted remote witness testimony in lieu of live testimony for good cause for decades. *See* Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment (amended rule now permitted "[c]ontemporaneous transmission of testimony from a different location" on a showing of "good cause in compelling circumstances"). SeeCubic does not seek to conduct the entirety of the remainder of the November 27 hearing remotely; indeed, SeeCubic will presenting any other rebuttal witnesses live and understands that Debtors will be presenting its remaining witness live.

4

and Barenbrug will provide unique and critical testimony, they will be outside the United States at the time of the hearing, and appropriate safeguards for taking the testimony will be taken.

8. Fundamentally, the TRO Motion is concerned with events occurring (or not occurring) at SCBV, the operations of SCBV, and future plans of SCBV. Testimony from Messrs. Luijks and Barenbrug—both longstanding employees of SCBV—will undoubtedly be useful to the Court in assessing the harm that Debtors assert may result if certain actions are occurring or will occur at SCBV. Moreover, Messrs. Luijks and Barenbrug can offer critical testimony that no other witnesses called by any party in these proceedings can fully provide: a description of the day-to-day, on-the-ground, *current* operations of SCBV. ¶ 4, *supra*. While Mr. Stastney is aware of and familiar with SCBV's operations, Messrs. Luijks and Barenbrug are responsible for day-to-day tasks at SCBV and thus have the ability to provide the Court with more detailed testimony.

9. At the time of the continued hearings on the TRO Motion, Messrs. Luijks and Barenbrug will be more than 3,700 miles away in the Netherlands, where they reside. Numerous courts considering motions to allow testimony via contemporaneous transmission have found the expense and burden of international travel to be good cause and compelling circumstances—particularly where the witnesses at issue were non-parties, such as here. *See Vite-Cruz v. Sanchez*, No. 3:18-cv-01943-DCC, 2018 WL 4359217, at *1-2 (D.S.C. Sept. 13, 2018) (witnesses living outside of the U.S.); *Junjiang Ji v. Jling Inc.*, No. 15-CV-4194 (SIL), 2017 WL 6501865, at *2-3 (E.D.N.Y. Dec. 19, 2017) (allowing plaintiff who had moved to China to testify by video); *Virtual Architecture, Ltd. v. Rick*, No. 08 Civ. 5866(SHS), 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012) (finding good cause for video testimony of witness living in the Seychelles); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D. Md. 2010) (finding good

5

cause for video testimony of plaintiffs living in Honduras); *Off. Airline Guides, Inc. v. Churchfield Publ'ns, Inc.*, 756 F. Supp. 1393, 1398 n.2 (D. Or. 1990) (noting that the court, pursuant to Fed. R. Civ. P. 43(a), had allowed "the use of telephone testimony of witnesses from out of state or from the United Kingdom"), *aff'd sub nom. Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385 (9th Cir. 1993). Moreover, Dr. Barenbrug has a previously scheduled, upcoming medical procedure that makes international travel at this time even more burdensome.

10. Appropriate safeguards will be taken, and there will be no prejudice to Debtors. This Court has conducted hearings over Zoom in the past, which has worked sufficiently without issue. Moreover, there will be no doubt as to the identities of Messrs. Luijks or Barenbrug since Debtors are familiar with both individuals and will be able to see their testimony via the video transmission—and cross-examine them. "Appropriate safeguards exist where the opposing party's ability to conduct cross-examination is not impaired, the witness testifies under oath in open court, and the witness's credibility can be assessed adequately." *Warner v. Cate*, No. 1:12-cv-1146-LJO-MSJ (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015).

      **B.    The Court May Administer A Solemn Affirmation To Messrs. Luijks And Barenbrug While They Are In The Netherlands**

11. Under the Federal Rules of Evidence,[4] "[b]efore testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty upon the witness's conscience." Fed. R. Evid. 603. This Court "may administer oaths and affirmations and take acknowledgments." 28 U.S.C. § 459. Federal Rule of Civil Procedure 43 permits affirmations in lieu of oaths. *See* Fed. R. Civ. P. 43(b) ("When these rules require an oath, a solemn affirmation suffices.").

---

[4]    The Federal Rules of Evidence apply in these actions. *See* Fed. R. Bankr. P. 9017.

12. Combined, these provisions provide that this Court may administer an oath or affirmation to witnesses before it. This is true even of witnesses appearing from other countries. *See* ¶ 9, *supra* (citing cases where trial testimony was taken of witnesses in other countries). SeeCubic has not located any authority prohibiting the Court from administering an oath—much less from administering an affirmation in the alternative—for witnesses providing voluntary testimony from the Netherlands.

13. Nonetheless, to facilitate contemporaneous transmission of testimony, Messrs. Luijks and Barenbrug are willing to travel from the Netherlands to Skadden's offices in Brussels, Belgium, where videoconferencing technology and in-person technology support will be available. The parties and the Court will be able to elicit testimony from these witnesses live on the video transmission. Traveling to Brussels would present far lesser burden on Messrs. Luijks and Barenbrug, as the distance to travel is much less (approximately 82 miles); they could travel to Brussels, testify, and return to the Netherlands the same day. Like the Netherlands, SeeCubic has located no authority suggesting that Belgian law prevents willing witnesses to testify and give an affirmation that their testimony will be truthful. *Accord* U.S. Dep't of State, Judicial Assistance Country Information-Belgium, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Belgium.html (noting that willing witnesses may give deposition testimony in Belgium).

14. Trial testimony via contemporaneous transmission from Brussels, Belgium has been approved by courts—including in matters in which the United States was a party and did not oppose such testimony.[5] *See* Order at 1, *Gilead Scis., Inc. v. United States*, No. 20-499C

---

[5] The Department of Justice maintains an Office of Foreign Litigation, which specializes in foreign litigation and provides legal advice to the DOJ regarding foreign litigation. *See* Department of Justice, Office of Foreign Litigation, https://www.justice.gov/civil/office-foreign-
*(cont'd)*

(Fed. Cl. Apr. 27, 2022), ECF No. 67 (permitting video trial testimony from Brussels for witness who was located in Croatia at the time of trial); *see also Morris v. Sec'y Health & Human Servs.*, No. 90-1748V, 1992 WL 21874, at *1 n.2 (Cl. Ct. Jan. 21, 1992) (noting that witness provided telephonic testimony in evidentiary hearing from Belgium).

### **REQUEST FOR EXPEDITED CONSIDERATION AND/OR HEARING**

15. SeeCubic seeks expedited consideration of this Motion, and expedited consideration of this Motion is necessary, given that the resumption of the TRO Hearings on November 27, 2023 is imminent. As indicated above, SeeCubic did not learn until November 20, 2023 that Messrs. Luijks and Barenbrug would be wiling to testify voluntarily, but that they could not travel to the United States to do so.

16. In conformance with Local Bankruptcy Rule 5070-1(g), SeeCubic consulted via email with counsel for the Debtors, counsel to Rembrandt 3D Holdings Ltd. and counsel for the Office of the United States Trustee, but was unable to reach agreement with respect to scheduling an expedited hearing on the Motion. Because there is no consensus time that all parties are available, SeeCubic requests that the Court schedule a hearing on the Motion for Wednesday, November 22, 2023 at the Court's convenience.

17. All parties in interest and who may be impacted by the relief requests in this Motion have been notified. As described above, SeeCubic reached out to counsel informing them of the impending Motion and request for expedited treatment. SeeCubic will also email copies of the Motion to all parties, and the Court, as soon as it is filed.

---

litigation. With such expertise available, the fact that the United States did not oppose testimony from Belgium strongly suggests that the United States has concluded that there are no legal impediments to a witness providing testimony from Belgium.

**CONCLUSION**

18.     For the foregoing reasons, SeeCubic respectfully requests that the Court enter the Proposed Order, submitted herewith, ordering that Messrs. Luijks and Barenbrug be permitted to testify via Zoom at the upcoming continuation of the hearings on the TRO Motion.

19.     In the alternative, because the testimony of Messrs. Luijks and Barenbrug is unique and will assist the Court, if the Court is not inclined to allow them to testify remotely on November 27, 2023, SeeCubic requests that the record on the TRO Motion be kept open and their in-person or remote testimony be scheduled for a later date.

Dated: November 21, 2023

Respectfully submitted,

**SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP**

<u>*/s/ Joseph O. Larkin*</u>
Joseph O. Larkin (I.D. No. 206047)
920 N. King Street, One Rodney Square
Wilmington, Delaware 19801
Telephone: (302) 651-3000
Facsimile: (302) 651-3001

- and -

James J. Mazza, Jr. (admitted *pro hac vice*)
Justin M. Winerman (admitted *pro hac vice*)
Rebecca L. Ritchie (admitted *pro hac vice*)
155 North Wacker Drive
Chicago, Illinois 60606-1720
Telephone: (312) 407-0549
Facsimile: (312) 407-8641

- and -

Eben P. Colby (admitted *pro hac vice*)
Marley Ann Brumme (admitted *pro hac vice*)
500 Boylston Street, 23rd Floor
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile: (617) 573-4822

*Counsel for SeeCubic, Inc.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re:<br><br>Stream TV Networks, Inc.<br>and Technovative Media, Inc.,<br><br>Debtors.[1] | Chapter 11<br><br>Bankr. Case No. 23-10763 (MDC) |
| Stream TV Networks, Inc., et al.<br><br>Plaintiffs<br>v.<br><br>Shadron L. Stastney, *et al.*<br><br>Defendants. | Adv. Case No. 23-00057 (MDC) |

**PROPOSED ORDER**

AND NOW this ___ day of November, 2023, upon consideration of SeeCubic's Expedited Motion for Rebuttal Witnesses to Appear Via Zoom at November 27, 2023 Hearing, and any response thereto, IT IS HEREBY ORDERED that the motion is GRANTED and Messrs. Luijks and Barenbrug may testify via videoconferencing.

BY THE COURT,

_____

COLEMAN, J.

Dated: _____

---

[1] The Debtors, along with the last four digits of the Debtors' federal tax identification numbers, are Stream TV Networks, Inc. (4092) and Technovative Media, Inc. (5015). The location of the Debtors' service address is 2009 Chestnut Street, 3rd Floor, Philadelphia, PA 19103.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically with the United States Bankruptcy Court for the Eastern District of Pennsylvania on November 21, 2023, with notice sent electronically to all parties receiving electronic notices in this case pursuant to the local rules of this Court, and that no further notice or service is necessary.

*/s/ Joseph O. Larkin*
Joseph O. Larkin

936339-WILSR01A - MSW