# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | Chapter 11 |
|---|---|---|
| **In re:** | : | |
| | : | Bankruptcy No. 23-10763 (AMC) |
| **Stream TV Networks, Inc.,** *et al*. | : | (Jointly Administered)[1] |
| | : | |
| Debtors. | : | |
| | : | |

### CHAPTER 11 TRUSTEE WILLIAM A. HOMONY'S JOINDER TO HAWK INVESTMENT HOLDINGS LTD.'S OBJECTION TO MOTION OF VISUAL SEMICONDUCTOR, INC. REQUESTING A STATUS CONFERENCE TO DISCUSS THE RESCHEDULING OF CERTAIN HEARINGS AND REQUEST FOR EXPEDITED CONSIDERATION THEREOF

William A. Homony (the "Trustee"), in his capacity as Chapter 11 trustee of the bankruptcy estates of Stream TV Networks, Inc. ("Stream") and Technovative Media, Inc. ("Technovative") (when referred to with Stream, the "Debtors"), by and through his counsel, hereby files this joinder to Hawk Investment Holdings, Ltd.'s Objection (the "Objection") to the Motion of Visual Semiconductor, Inc. Requesting a Status Conference to Discuss the Rescheduling of Certain Hearings and Request for Expedited Consideration Thereof [AP ECF No. 138] (the "Motion"),[2] filed by Visual Semiconductor, Inc. ("VSI"). In support thereof, the Trustee avers:

### JOINDER

1. By this Joinder, the Trustee hereby incorporates and joins all allegations and arguments not inconsistent with the Trustee's prior positions included in the Objection herein for the limited purpose of opposing the Motion and requests the Court deny the relief

---

[1] On April 11, 2023, the Court entered an order directing joint administration of the above-captioned case and *In re Technovative Media, Inc.*; Case No. 23-10764 (AMC). (D.I. #81).

[2] While the Motion included the main case caption and the Trustee filed the 9019 Motion in the main case, VSI filed the Motion on the docket in the Adversary Proceeding (Case No. 23-00057). For clarity, documents filed in the Adversary Proceeding are identified with "AP ECF No."

requested in the Motion in its entirety.

2. There is no basis for the relief requested in the Motion, which may appear reasonable when viewed without context. However, VSI alleges a scheduling conflict that it created, existing in a schedule it and Rembrandt expressly agreed to, and further points to a need for discovery that VSI and Rembrandt have failed to propound. In the absence of any substantiated bases for relief, there appears to be no true reason to further disrupt, distract, and delay these proceedings.

3. These proceedings have already been significantly hindered by purported, but manufactured, crises. *See In re Stream TV Networks, Inc.,* No. 23-10763, 2024 WL 87639, at **19-21 (Bankr. E.D. Pa. Jan. 5, 2024) (describing the "funding crisis that the Court found to be "entirely of Debtors' management's own making"). Such illegitimate crises further delay recoveries sought by legitimate creditors.

WHEREFORE, the Trustee respectfully requests this Honorable Court deny the VSI's requested relief in the Motion.

Respectfully submitted,

    */s/ Michael D. Vagnoni*
Edmond M. George, Esquire
Michael D. Vagnoni, Esquire
Obermayer Rebmann Maxwell & Hippel LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
Telephone: (215) 665-3066
Facsimile: (215) 665-3165
E-mail addresses:
edmond.george@obertmayer.com
michael.vagnoni@obermayer.com
*Counsel to William Homony, Chapter 11 Trustee*

Dated: May 31, 2024