UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>STREAM TV NETWORKS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Bky. No. 23-10763 (AMC) |
| STREAM TV NETWORKS, INC. and TECHNOVATIVE MEDIA, INC.,<br><br>Plaintiffs,<br>v.<br><br>SHADRON L. STASTNEY, SLS HOLDINGS VI, LLC, HAWK INVESTMENT HOLDINGS LIMITED, ARTHUR LEONARD ROBERT "BOB" MORTON, SEECUBIC, INC., ALASTAIR CRAWFORD, KRZYSZTOF KABACINSKI, KEVIN GOLLOP, ASAF GOLA, JOHN DOE(S),<br><br>Defendants. | Adv. Case No. 23-00057 (AMC) |

## ORDER

**AND NOW**, on November 27, 2024, Rembrandt 3D Holding Ltd. ("Rembrandt") filed a motion (the "TRO Motion")[2] in the above-captioned bankruptcy case (the "Bankruptcy Case"), seeking enforcement of the Temporary Restraining Order (the "TRO") the Court entered in the above-captioned adversary proceeding (the "Adversary Proceeding"), as well as sanctions against the alleged infringing parties and injunctive relief preventing the contemplated sale of the Debtors' assets (the "Sale").

**AND**, also on November 27, 2024, Rembrandt filed a motion in the Bankruptcy Case

---

[1] This case is being jointly administered with the case of *In re Technovative Media, Inc.* (Case No. 23-10764) (AMC).

[2] Bankr. Docket No. 824.

seeking expedited consideration of the TRO Motion (the "Motion to Expedite").[3]

**AND**, on November 29, 2024, William Homony (the "Trustee"), in his capacity as chapter 11 trustee in the Bankruptcy Case, filed an objection to the Motion to Expedite (the "Trustee Objection").[4]

**AND**, upon consideration of the Motion to Expedite and the Trustee Objection thereto.

**IT IS HEREBY ORDERED** that:

1.      The Motion to Expedite is **DENIED**.[5]

2.      Rembrandt is directed to refile the TRO Motion in the Adversary Proceeding, where the TRO was entered, and shall follow the Court's hearing scheduling procedures set forth in Local Rule 9014-3(c), made applicable to the Adversary Proceeding by Local Rule 7005-1, to obtain a hearing date on the TRO Motion no sooner than January 2025.

Dated: December 2, 2024

_____
Honorable Ashely M. Chan
Chief United States Bankruptcy Judge

---

[3] Bankr. Docket No. 825.

[4] Bankr. Docket No. 832.

[5] The Motion to Expedite asserts that expedited consideration of the TRO Motion is required in advance of the hearing on the Sale, scheduled for December 4, 2024, because the relief sought "significantly affects the Trustee's proposed sale." Motion to Expedite, at ¶7. Beyond that vague and conclusory reasoning, the Motion to Expedite provides no further explanation or justification for expedited treatment. Local Rule 5070-1(g)(2) requires that a motion for expedited consideration, *inter alia,* "set forth *with particularity* the reasons expedited consideration is necessary and appropriate." L.B.R. 5070-1(g)(2) (emphasis added). The Motion to Expedite fails to do so, a deficiency made more glaring in light of the TRO Motion's assertion that, no later than May 6, 2024, Rembrandt was asserting to alleged infringing parties that the TRO was being violated. TRO Motion, at ¶33.